IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 CV 1577 |
| ) | |
| VILLAGE OF ROMEOVILLE, et al., ) | Judge Holderman |
| ) | Magistrate Judge Ashman |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS COUNTS III-VII OF THE COMPLAINT

NOW COME the Defendants, VILLAGE OF ROMEOVILLE, DENNIS ZAKULA, JAMES SLOUP and KAREN SHOWERS, and move pursuant to Rule 12(b)(6) for the dismissal of Counts III-VII of the Complaint and further move for the dismissal of SHOWERS from the case in its entirety. In support thereof, Defendants state as follows:

1. On March 18, 2008, Plaintiff Willie Brown filed a seven (7) count Complaint against the Defendants. Brown's claims arise out of an incident which occurred on October 30, 2007, when Brown was arrested by Defendant Officer Dennis Zakula and subsequently charged with disorderly conduct. Brown has also sued Defendant Officer James Sloup (identified as Officer Star #348 in the caption), as well as Romeoville's records supervisor Karen Showers.

2. Contemporaneously with this motion, Defendants have filed an answer to Counts I and II of the Complaint. In Count I, Brown alleges that his wrongful arrest was caused by Romeoville's failure to train, supervise and discipline its officers. In Count II, Brown alleges that he was falsely arrested by Officers Zakula and Sloup and subjected to a wrongful search and seizure in violation of 42 U.S.C. § 1983.

3.  As discussed below, Defendants hereby move to dismiss Counts III through VII pursuant to Federal Rule of Procedure 12(b)(6).

4.  In Count III, Brown alleges that Officer Zakula required Brown to pay an excessive bail ($100) in violation of the Eighth Amendment. However, the United States Supreme Court has held that requiring a bond serves the purpose of ensuring the presence of an accused at trial. Moreover, courts have repeatedly affirmed the right of a municipality to impose nominal bonds, such as the $100 bond imposed in this case. Therefore, Count III does not state a cause of action upon which relief can be granted.

5.  In Count IV, Brown alleges that Officers Zakula and Sloup conspired to falsely arrest and maliciously prosecute Brown in violation of 42 U.S.C. § 1985(3), and that this purported conspiracy was motivated by racial animus. However, Brown has not provided any factual allegations supporting what essentially is a "mere incantation" of conspiracy. Moreover, Brown has not provided any factual allegations that support his claim that Zakula and Sloup acted against Brown because of racial animus. Additionally, even if Brown has made sufficient allegations of conspiracy, Brown's conspiracy claim is barred by the intra-corporate conspiracy doctrine, which holds that a conspiracy cannot exist between members of the same entity.

6.  In Count V, which is asserted only against Officer Zakula, Brown alleges that the disorderly conduct charges pressed against Brown after his arrest deprived him of his "individual dignity," as allegedly guaranteed under Article I, Section 20 of the Illinois Constitution and 42 U.S.C. § 1983. However, there is no actionable "individual dignity" claim under § 1983. Moreover, Illinois courts have repeatedly explained that Section 20 of the Illinois Constitution is "purely hortatory," a kind of "constitutional sermon" so to speak, and was never intended to

establish any new or independent cause of action.

7. In Count VI, Brown alleges that Officers Zakula and Sloup abused legal process, in violation of 42 U.S.C. § 1983, when they commenced legal proceedings allegedly to intimidate and oppress Brown. However, Brown's Complaint does not satisfy the requirements for an "abuse of process" claim. Rather, it appears that Brown is really seeking to file a federal malicious prosecution claim, which no longer exists under Seventh Circuit precedent as a viable claim under 42 U.S.C. § 1983. See Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001).

8. In Count VII, Brown alleges that records supervisor Karen Showers violated 42 U.S.C. § 1981(a) when she failed to provide documents in response to Brown's Freedom of Information Act (FOIA) request, and that Showers' conduct raises a "plausible inference" that she acted with racial animus. However, Brown does not provide any facts to support an inference of racial discrimination by Showers. Indeed, Brown has conceded in his complaint that he obtained the documents that he was seeking shortly after he submitted his FOIA request from the attorney who was prosecuting his disorderly conduct case. In any event, allegations that a local government official failed to comply with Illinois FOIA requirements do not support a federal constitutional claim such as the one asserted here by Brown. Finally, FOIA is subject to several exemptions, which are outlined under § 7 of FOIA (540 ILCS 140/7), including § 7(1)(c) of FOIA, which provides that records compiled by law enforcement agencies for law enforcement purposes are generally exempt from disclosure under FOIA.

9. Defendants have filed a memorandum of law in support of this motion.

3

## **CONCLUSION**

WHEREFORE, Defendants VILLAGE OF ROMEOVILLE, DENNIS ZAKULA and JAMES SLOUP respectfully request that this Court dismiss Counts III-VII of the Complaint and Defendant KAREN SHOWERS requests that she be dismissed from this case in its entirety.

                S/JASON W. ROSE
                Jason W. Rose, Bar Number 06208130
                Michael D. Bersani, Bar Number 06200897
                Attorney for Defendants
                HERVAS, CONDON & BERSANI, P.C.
                333 Pierce Road, Suite 195
                Itasca, IL 60143-3156
                Phone: 630-773-4774
                Fax: 630-773-4851
                jrose@hcbattorneys.com
                mbersani@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 1577 |
| | ) | |
| VILLAGE OF ROMEOVILLE, et al., | ) | Judge Holderman |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing *Defendants' Motion to Dismiss Counts III-VII of the Complaint* with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Postal Service, certified mail, return receipt requested, the document to the following non CM/ECF system participant:

**TO:** Willie Brown, *Pro Se*
601 Theodore Avenue
Joliet, IL 60435

S/JASON W. ROSE
Jason W. Rose, Bar Number 06208130
Michael D. Bersani, Bar Number 06200897
Attorney for Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
jrose@hcbattorneys.com
mbersani@hcbattorneys.com

5