**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WILLIE BROWN,                                )
                                             )
              Plaintiff,                     )        Case No. 08 C 1577
       v.                                    )
                                             )        Judge James F. Holderman
VILLAGE OF ROMEOVILLE, et al.                )        Magistrate Judge Martin C. Ashman
                                             )
              Defendants.                    )

**DEFENDANTS VILLAGE OF ROMEOVILLE, DANIEL ZAKULA AND JAMES
SLOUP'S ANSWER AND AFFIRMATIVE DEFENSE TO COUNTS I AND II OF
PLAINTIFF'S VERIFIED COMPLAINT**

NOW COME the Defendants, VILLAGE OF ROMEOVILLE, DANIEL ZAKULA, and

JAMES SLOUP, by and through one of their attorneys, MICHAEL D. BERSANI of HERVAS,

CONDON & BERSANI, P.C. and, for their answer to Counts I and II of Plaintiff's Verified

Complaint, state as follows:

**PRELIMINARY STATEMENT**

1.      This action is brought forth pursuant to Title 42 U.S.C. Section 1981, Title 42

U.S.C. Section 1983 and Title 42 U.S.C. Section 1985(3) seeking Actual, Compensatory,

General and Punitive judgment damages for deprivation of rights and conspiracy to interfere with

rights, while acting "Under Color of" state law as Police Officers for the Village of Romeoville,

and of rights guaranteed under the 4th, 8th, and 14th Amendments of the Constitution of the

United States, as well as rights under Article I Section 20 of the Constitution of the State of

Illinois, and of rights under the Freedom of Information Act of the State of Illinois, Illinois

Compiled Statutes Ch. 5, Act 140.  Plaintiff Brown contend that the stop, questioning of him,

physical search of him and the seizure of him, along with the seizure and towing of his vehicle,

and the deprivation of being afforded an equal opportunity to make a contract to acquire

information requested pursuant to the Freedom of Information Act, were committed without

probable cause or other lawful justification, and represented overt acts performed pursuant to and

in the furtherance of a scheme to use the two individual defendant police officers to abuse the

proper use of the State of Illinois Judicial System to intimidate, oppress and interfere with

Plaintiff Brown's citizenship rights because of his socio-economic status and because of his

racial nationality, African American, and Plaintiff Brown honestly and in good faith believe that

he is entitled to federal court remedial action.

**ANSWER:**    Defendants deny the allegations contained in paragraph 1 of Plaintiff's Verified
Complaint, except that Defendants admit that the individual Defendants acted
under color of law.

## II. JURISDICTION

2.    This action is brought pursuant to Title 42 U.S.C. Section 1981(a) and Title 42

U.S.C. Section 1983, Title 42 U.S.C. Section 1985(3) and the First, Fourth, Eighth Section 20 of

the Constitution of the State of Illinois.  Jurisdiction is founded upon Title 28 U.S.C. Section

1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and statutory

provisions.

**ANSWER:**    Defendants admit that this Honorable Court has jurisdiction over Plaintiff's
claims.

## III. VENUE

3.    Venue is proper in this district pursuant to Title 28 U.S.C. Section 1391(b)

because this is a civil action that is not founded solely on diversity of citizenship, and this district

is where a substantial part of the events giving rise to this claim accrued, as well as is the district

2

where the individual defendant police officers and the individual defendant records supervisor

whom are the subjects of this action reside and are employed.

**ANSWER:**    Defendants admit that venue is proper before this Honorable Court.

### IV. PARTIES

4.    The Plaintiff, WILLIE BROWN, (sometimes hereinafter referred to as Plaintiff

"Brown" at all relevant times mentioned hereinafter) is a 53 year old African American citizen of

the United States, and a life long resident of the State of Illinois whose current address is 601

Theodore Avenue in the City of Joliet.  Plaintiff Brown is the owner of the unlawfully

impounded and towed 1991 Civic Wagon vehicle.  Also, since June 2007, Plaintiff Brown has

been on prescription medication for medical treatment of a buldging [sic] disc injury in his back

affecting his nerves which cause numbness and pain in his right leg if allowed to be placed and

left in a cramped position for an extended amount of time, and Plaintiff Brown walks with the

aid of a cane.

**ANSWER:**    Defendants admit that Plaintiff is an African American.  Defendants deny that
Plaintiff is the owner of the unlawfully impounded and towed 1991 Civic Wagon
vehicle.  Defendants state that they have knowledge or  information insufficient to
form a belief as to the truth or falsity of the remaining allegations contained in
paragraph 4 of Plaintiff's Verified Complaint.

5.    The Defendant, VILLAGE OF ROMEOVILLE, (sometimes hereinafter referred to

as defendant "Village" at all relevant times mentioned hereinafter) is a home rule municipal

corporation organized and existing under the Laws of the State of Illinois.  Defendant Village is

the employer of the individual defendant police officers, and, as such, is totally liable for the

conduct of the individual defendant police officers, and is totally liable for the conduct of the

defendant records supervisor.  Defendant Village is being sued in its official capacity as a home

rule municipal corporation.

**ANSWER:**   Defendants admit that Defendant Village is a municipal corporation organized and
existing under the laws of the State of Illinois, that Defendant Village is the
employer of the individual Defendant police officers, and that Defendant Village
is being sued in its official capacity as a municipal corporation.  Defendants deny
the remaining allegations contained in paragraph 5 of Plaintiff's Verified
Complaint.

6.      The defendant, D. ZAKULA JR. (sometimes hereinafter referred to as defendant

"Zakula" Star # 374, at all relevant times mentioned hereinafter) is a duly appointed and sworn

police officer of the Village of Romeoville.  On the 30th day of October, 2007 when engaging in

conduct complained of, did so while acting in excess of the course and scope of his employment

as an agent, servant and/or employee of defendant Village of Romeoville.  Defendant Zakula is

being sued in his individual and personal capacity as an agent, servant and/or employee of

defendant VILLAGE OF ROMEOVILLE.

**ANSWER:**   Defendants deny that Defendant Zakula engaged in the conduct complained of or
that he acted in excess of the course and scope of his employment.  Defendants
admit the remaining allegations contained in paragraph 6 of Plaintiff's Verified
Complaint.

7.      The Defendant, POLICE OFFICER Star # 348, (sometimes hereinafter referred to

as defendant "Officer , Star # 348" at all relevant times mentioned hereinafter) is a duly

appointed and sworn police officer of the Village of Romeoville.  On the 30th day of October,

2007, when engaging in conduct complained of, did so while acting in excess of the course and

scope of his employment as an agent, servant and/or employee of defendant Village of

Romeoville.  Defendant Officer Star # 348 is being sued in his individual and personal capacity

as an agent, servant and/or employee of defendant VILLAGE OF ROMEOVILLE.

4

**ANSWER:**   Defendants deny that Police Officer Star # 348 engaged in the conduct complained of or that he acted in excess of the course and scope of his employment. Defendants admit the remaining allegations contained in paragraph 7 of Plaintiff's Verified Complaint.

8.   The Defendant, K. SHOWERS (sometimes hereinafter referred to as defendant "Showers" at all relevant times mentioned hereinafter) is a duly appointed and sworn Records Supervisor of the Village of Romeoville. When engaging in conduct complained of, did so while acting in excess of the course and scope of her employment as an agent, servant and/or employee of defendant Village of Romeoville. Defendant Showers is being sued in her individual and personal capacity as an agent, servant and/or employee of defendant VILLAGE OF ROMEOVILLE.

**ANSWER:**   Defendants deny that K. Showers engaged in the conduct complained of or that he acted in excess of the course and scope of his employment. Defendants admit the remaining allegations contained in paragraph 8 of Plaintiff's Verified Complaint.

9.   At all times material to this Verified Complaint, the individual defendant police officers and the defendant records supervisor were acting "Under the Color of" the statutes, ordinances, regulations, customs and usage of the State of Illinois, Village of Romeoville and the Village of Romeoville Police Department and Records Department.

**ANSWER:**   Defendants admit the allegations contained in paragraph 9 of Plaintiff's Verified Response.

## V. FACTS COMMON TO ALL COUNTS

10.   I, WILLIE BROWN, being duly sworn and upon oath if called upon could competently testify to the following facts from my own personal knowledge.

5

**ANSWER:** Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Verified Complaint.

11.     That on or about the 30th day of October, 2007, Plaintiff Brown was driving his 1991 Civic Wagon vehicle traveling eastbound on Airport Road in the Village of Romeoville.

**ANSWER:** Defendants admit the allegations contained in paragraph 11 of Plaintiff's Verified Complaint.

12.     A white automobile was traveling in the same eastbound direction about 2 to 3 car lengths ahead of Plaintiff Brown.

**ANSWER:** Defendants admit that there was a white automobile traveling in the same eastbound direction, but deny the remaining allegations contained in paragraph 12 of Plaintiff's Verified Complaint.

13.     That on three (3) separate occasions, the white automobile came to an abrupt stop, as to indicate some change in direction other than the eastbound direction the white vehicle had been traveling.

**ANSWER:** Defendants deny the allegations contained in paragraph 13 of Plaintiff's Verified Complaint.

14.     Plaintiff Brown attempted a left passing move around the white vehicle, and as he attempted to pass the white vehicle, the driver, a seemly Caucasain-American [sic] female, glanced over at him while acellerating [sic] the speed of the white vehicle as so to interfere with Plaintiff Brown's attempt to safely maneuver [sic] around the white vehicle.

**ANSWER:** Defendants deny the allegations contained in paragraph 14 of Plaintiff's Verified Complaint.

6

15.    After the driver of the white vehicle's third abrupt stopping and acelleration. [sic] Plaintiff Brown managed to safely maneuver [sic] to get around in front of the white vehicle, and as Plaintiff Brown was passing the white vehicle, the driver began exhibiting abrasive facial and middlefinger jestures [sic] and loudly shouted racial epithets - i.e., "Fucking Nigger, Fucking Nigger" - toward Plaintiff Brown.

**ANSWER:**    Defendants deny the allegations contained in paragraph 15 of Plaintiff's Verified Complaint.

16.    That at the stop light at the intersection of Airport Road and Weber Road, while Plaintiff Brown was talking with his wife over his cell telephone, he observed through his vehicle's rear view mirror, the approaching of two of defendant Village's Police Department patrol squad cars with their emergency lights flashing.

**ANSWER:**    Defendants state they have knowledge insufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was talking with his wife over his cell telephone, and deny the remaining allegations contained in paragraph 16 of Plaintiff's Verified Complaint.

17.    That after Plaintiff Brown manuvered [sic] over to allow the defendant Village's Police Department patrol squad cars to pass.  The two squad cars pulled up behind Plaintiff Brown's vehicle.

**ANSWER:**    Defendants deny the allegation that Plaintiff Brown manuvered over to allow the defendant Village's Police Department patrol squad cars to pass.  Said Defendants admit the remaining allegations contained in paragraph 17 of Plaintiff's Verified Complaint.

18.    That after the two individual defendant police officers emerged from their squad cars they approached Plaintiff Brown's vehicle.  After which Plaintiff Brown rolled down his vehicle's window and raised his hands in the air while informing the two individual defendant

police officers that his wallet was under his seat and further suggested to the individual defendant

police officers that they should refrain from getting excited.

**ANSWER:**    Defendants admit that after the two individual defendant police officers emerged from their squad cars they approached Plaintiff Brown's vehicle. Said Defendants admit that after which Plaintiff Brown rolled down his vehicle's window while informing the two individual defendant police officers that his wallet was under his seat. Said Defendants deny that Plaintiff raised his hands in the air. Said Defendants deny that Plaintiff further suggested to the individual defendant police officers that they should refrain from getting excited.

19.    The individual defendant police officers informed Plaintiff Brown that the driver

of the white vehicle had called in a complaint against Plaintiff Brown.

**ANSWER:**    Defendants admit the allegations contained in paragraph 19 of Plaintiff's Verified Complaint.

20.    After Plaintiff Brown tendered over his valid driver's license, car registration, and

current automobile insurance card. The two (2) individual defendant police officers asked

Plaintiff Brown what had occurred between him and the driver of the white vehicle.

**ANSWER:**    Defendants admit that Plaintiff Brown tendered over his valid driver's license and that the Defendant police officers questioned Plaintiff what had occurred between the Plaintiff and the driver of the white vehicle. Defendants deny that Plaintiff Brown tendered his car registration and current automobile insurance card.

21.    That after Plaintiff Brown explained what had occurred between him and the

driver of the white vehicle. The two individual defendant police officers informed Plaintiff

Brown that the driver of the white vehicle had called in a complaint against Plaintiff Brown.

After which the two individual defendant police officers informed Plaintiff Brown that they were

placing him under arrest for committing the offense of "Disorderly Conduct."

**ANSWER:**    Defendants admit the allegations contained in paragraph 21 except that Defendants informed Plaintiff that he was under arrest for disorderly conduct after Defendants spoke with the occupants of the white automobile.

8

22.    That without first asking to acquire Plaintiff Brown's permission to search his vehicle. The two individual defendant police officers conducted an interior search of Plaintiff Brown's vehicle, after which Plaintiff Brown was informed that his vehicle was going to be impounded and towed.

**ANSWER:**    Defendants admit the allegations contained in paragraph 22 of Plaintiff's Verified Complaint.

23.    That after Plaintiff Brown asked the two individual defendant police officers if he could call his wife to come and pick up his vehicle to prevent it from being impounded and towed. Defendant Zakula refused Plaintiff Brown's request and stated that defendant Village has a policy authorizing the impounding and towing of Plaintiff Brown's vehicle under the conditions and circumstances of his arrest.

**ANSWER:**    Defendants admit the allegations contained in paragraph 23 of Plaintiff's Verified Complaint.

24.    That defendant Village does not have any such written policy authorizing the impounding and towing of an individual's vehicle under the particular set of conditions and circumstances underlining Plaintiff Brown's arrest and detention (A true and accurate copy of defendant Village's policy authorizing the impounding and towing of vehicles is attached hereto and made part of this complaint, labeled "Exhibit 1").

**ANSWER:**    Defendants admit that Plaintiff's attached Exhibit 1 is a true and accurate copy of Defendant Village of Romeoville's policy authorizing the impounding and towing of vehicles. Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's Verified Complaint.

25.    While being transported to defendant Village's Police Station. Plaintiff Brown

inquired about what the driver of the white vehicle had to say to the two individual defendant

police officers to warrant his arrest. Defendant Zakula turned up the volume of his radio to

drown out listening to what Plaintiff Brown was asking, and defendant Zakula did not respond to

Plaintiff Brown's question.

**ANSWER:**    Defendants Village and Zakula admit only that Plaintiff inquired about what the
driver of the white vehicle had to say to the two individual defendant police
officers to warrant his arrest. Defendants deny the remaining allegations
contained in paragraph 25 of Plaintiff's Verified Complaint. Defendant Sloup
states that he has knowledge or information insufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Verified
Complaint.

26.    While Plaintiff Brown was being transported to defendant Village's Police

Station, his right leg became very numb and very painful from being placed and left in a cramped

position.

**ANSWER:**    Defendants state that they have knowledge or information insufficient to form a
belief as to the truth or falsity of the allegations contained in paragraph 26 of
Plaintiff's Verified Complaint.

27.    As Plaintiff Brown was moving around in an effort to gain some comfort and

relief from the emerging numbness and pain in his leg. Defendant Zakula finally turned down

the volume on his radio and asked Plaintiff Brown whether he had any other handcuff keys other

than the set of keys seized from him by the other individual defendant police officer.

**ANSWER:**    Defendants Village and Zakula admit that the individual Defendant police officer
asked Plaintiff whether he had any other handcuff keys other than the set of keys
seized from him by the other individual defendant police officer. Said Defendants
state that they have knowledge or information insufficient to form a belief as to
the truth or falsity of the allegation that Plaintiff Brown was moving around in an
effort to gain some comfort and relief from the numbness and pain in his right leg.
Said Defendants deny the remaining allegation contained in paragraph 27 of

10

Plaintiff's Verified Complaint that Defendant Zakula finally turned down the volume on his radio. Defendant Sloup states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Verified Complaint.

28.    Upon arrival at defendant Village's Police Station. The numbness and pain in Plaintiff Brown's leg and back, from sitting in a cramped position, had became [sic] so severe that defendant Zakula had to physically assist Plaintiff Brown with getting out of the back seat of defendant Zakula's patrol squad car.

**ANSWER:**    Defendants deny the allegations contained in paragraph 28 of Plaintiff's Verified Complaint.

29.    During the period of time Plaintiff Brown was sitting in defendant Village's Police Department. Defendant Zakula and another one of defendant Village's Police Department Patrol Officers, while laughing, began comparing their individual effort to make their monthly quotas for issuing citations and making arrests.

**ANSWER:**    Defendants deny the allegations contained in paragraph 29 of Plaintiff's Verified Complaint.

30.    After subjecting Plaintiff Brown to the booking procedures, he was coerced into paying a $100.00 cash bond as oppose to being afforded a personal recognizance bond. The preliminary hearing date of December 10, 2007, was set, Case No. 07 OV 8956. (A true and accurate copy of the $100.00 cash bond is attached hereto and made part of this verified complaint, labeled "Exhibit 2").

**ANSWER:**    Defendants admit that a preliminary hearing date was set on December 10, 2007, in Case No. 07 OV 8956, and that Plaintiff's Exhibit 2 is a true and accurate copy of the $100.00 cash bond. Defendants deny the remaining allegations contained in paragraph 30 of Plaintiff's Verified Complaint.

31.     While at defendant Village's Police Department. Plaintiff Brown was coerced into paying $300.00 as an Administrative Towing Fee, and he immediately asked for an administrative hearing to contest the unwarranted and unlawful impounding and towing of his vehicle. (A true and accurate copy of the Romeoville Police Department Tow Report, as well as a copy of the Village of Romeoville Police Department Vehicle Post Tow/Impoundment Notice, and a copy of the Village of Romeoville Police Department Post Tow Hearing notice of November 21, 2007 are attached hereto and made part of this verified complaint, labeled "Exhibit 3").

**ANSWER:**     Defendants admit that Plaintiff's Exhibit 3 are true and accurate copies of the Romeoville Police Department Tow Report, Village of Romeoville Police Department Post Tow/Impoundment Notice, and the Village of Romeoville Police Department Post Tow Hearing notice of November 21, 2007. Defendants deny the remaining allegations contained in paragraph 31 of Plaintiff's Verified Complaint.

32.     Upon Plaintiff Brown's arrival at the requested administrative hearing, and without first requesting permission to conduct a search of Plaintiff Brown's person. One of defendant Village's Police Department Lt. imposed a full body search upon Plaintiff Brown's person.

**ANSWER:**     Defendant Village of Romeoville denies the allegations contained in paragraph 32 of Plaintiff's Verified Complaint. The individual Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiff's Verified Complaint.

33.     As oppose to being afforded the right to have an impartial party from defendant Village Manager's office to conduct the administrative hearing. One of defendant Village's Police Department Lt. conducted the administrative hearing.

12

**ANSWER:**   Defendant Village of Romeoville admits that the Village's Police Department Lt. conducted the administrative hearing.  Defendant Village of Romeoville denies the remaining allegations contained in paragraph 33 of Plaintiff's Verified Complaint.  The individual Defendants state that they have knowledge or information insufficient to form a believe as to the truth or falsity of the allegations contained in paragraph 33 of Plaintiff's Verified Complaint.

34.     After Plaintiff Brown explained the nature of the transaction which occurred

between himself and the driver of the white vehicle. The Lt. Claimed that the two individual

defendant police officers had acted properly and that Plaintiff Brown would not be reimbursed

with his $300.00 paid out to cover the administrative tow fee.

**ANSWER:**   Defendant Village of Romeoville admits the allegations contained in paragraph 34 of Plaintiff's Verified Complaint.  The individual Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of Plaintiff's Verified Complaint.

35.     Neither before, nor during, nor immediately after the circuit court's preliminary

hearing of December 10, 2007, was Plaintiff Brown afforded a personal copy of Case No. 07 OV

8956 complaint against him.  January 14, 2008 was set as the scheduled trial date.

**ANSWER:**   Defendants admit that January 14, 2008 was set as the scheduled trial date. Defendants state that they have knowledge or  information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 35 of Plaintiff's Verified Complaint.

36.     That prior to the preliminary hearing of December 10, 2007.  Plaintiff Brown

submitted two (2) written Freedom of Information Act Request to defendant Village, seeking to

acquire a copy of the Police Incident Report and a copy of the Complaint against him, as a means

to become knowledgable [sic] of the bases for the charge which he was being called upon to

defend himself against.  Plaintiff Brown equally indicated that he was willing to pay defendant

Village's schedule of fees to acquire copies of the requested information.

**ANSWER:**  Defendant Village admits that Plaintiff submitted a Freedom of Information Act request on November 7, 2007 and requested a copy of "Case # 07-6140." Defendant Village admits that Plaintiff submitted a Freedom of Information Act request on November 30, 2007 requesting a copy of the Village's written policy on towing vehicles, and that Plaintiff agreed to pay copying costs. Defendant Village states that it has knowledge or information insufficient to form a belief as to the truth or falsity of the allegation that he submitted the Freedom of Information Act requests as a means to become knowledgeable of the bases for the charge which he was being called upon to defend himself against. The individual Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of Plaintiff's Verified Complaint.

37.    After Plaintiff Brown verbally informed defendant Showers, that he was proceeding *pro se*, and that he was entitled to access the requested information in order to prepare his defense against the charge. Defendant Showers deprived affording Plaintiff Brown with a right to make a contract to obtain FOIA requested information, as accorded to Cauacsian [sic] American citizens (A true and accurate copy of defendant Showers' denial notice is attached hereto and made part of his verified complaint, labeled "Exhibit 4").

**ANSWER:**  Defendants admit that Plaintiff's Exhibit 4 is a true and accurate copy of Defendant Showers' denial notice. Defendants deny the remaining allegations contained in paragraph 37 of Plaintiff's Verified Complaint.

38.    Prior to the January 14, 2008 scheduled trial date. Plaintiff Brown submitted a Request For Production Of Document requesting the audio & video recordings from the two individual defendant police officers' squad cars, as well as requested the video tape recordings from defendant Village's Police Department area, and requested a copy of the Police Incident Report and Complaint against him concerning the occurrence of October 30, 2007.

**ANSWER:**  Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 38 of Plaintiff's Verified Complaint.

14

39.     That on or about the 8th day of January, 2008, six (6) days prior to the January 14,

2008 scheduled trial date.  Defendant Village's attorney Lawerence M. Kaschak mailed Plaintiff

Brown a copy of defendant Village's Police Incident Report, Arrest Report, Complaint and Bail

Bond against Plaintiff Brown in reference to the occurrence of October 30, 2007.  (A true and

accurate copy of the documents mailed out by defendant Village's attorney, Lawrence M.

Kaschak are attached hereto and made part of this verified complaint, labeled "Exhibit 5").

**ANSWER:**     Defendant Village admits that the Village Prosecutor provided his entire file to the
                Plaintiff upon Plaintiff's request prior to the January 14, 2008 scheduled trial date,
                and that the attached Exhibit 5 is a true and accurate copy of the documents
                provided by the prosecutor.  The individual Defendants state that they have
                knowledge or information insufficient to form a belief as to the truth or falsity of
                the allegations contained in paragraph 39 of Plaintiff's Verified Complaint.

40.     During the scheduled trial of January 14, 2008.  Neither did either one of the two

individual defendant police officers appear, nor did the alleged victims, Mary R. Sanders & Amy

M. Bova appear.  Nor did defendant Village's attorney Lawrence M. Kaschak afford the court

with any justifiable reasons for the two individual defendant police officers and the alleged

victims' failure to appear.  Nor did defendant Village's attorney Lawrence M. Kaschak tender the

requested audio/video tape recordings in reference to the occurrence of October 30, 2007, over to

Plaintiff Brown.

**ANSWER:**     Defendants deny that the Village prosecutor Lawrence M. Kaschak did not afford
                the court with any justifiable reasons for othe two individual defendant police
                officers and the alleged victims' failure to appear.  Defendant Village admits that
                neither the officers nor the victims appeared in court, and further admits that the
                audio/video tape recordings (if any in fact existed at the time) were not turned
                over to Plaintiff.  The individual Defendants state that they have knowledge or
                information insufficient to form a belief as to the truth or falsity of the allegations
                contained in paragraph 40 of Plaintiff's Verified Complaint.

15

41.     While standing before Associate Judge Raymond Nash. Defendant Village's attorney Lawrence M. Kaschak informed the court that the charges against Plaintiff Brown concerning the occurrences of October 30, 2007, were being voluntarily dismissed.

**ANSWER:**     Defendants admit the allegations contained in paragraph 41 of Plaintiff's Verified Complaint.

42.     On or about the 24th day of January, 2008. Plaintiff Brown received a $100.00 check from defendant Village as a reimbursement of the cash bond posted on October 30, 2007.

**ANSWER:**     Defendants admit the allegations contained in paragraph 42 of Plaintiff's Verified Complaint.

43.     That as of the date of the filing of this verified complaint. Plaintiff Brown has not received a $400.00 check from defendant Village as a reimbursement of the administrative towing fee paid out on October 30, 2007.

**ANSWER:**     Defendants admit the allegations contained in paragraph 43 of Plaintiff's Verified Complaint.

44.     The attempted prosecution of th offense of Disorderly Conduct has been wholly terminated and determined in favor of Plaintiff Brown indicative of his innocence. Plaintiff Brown, by means of being falsely accused, falsely arrested, unwarrantly searched, having his vehicle unlawfully impounded and towed, having his physical injury severely aggravated, deprived of information entitled to under FOIA, and being subjected to having prosecution proceedings commenced against him, suffered loss of his individual freedom, and suffered loss of possession of his personal property, and suffered great agitation and pain of body and mind.

**ANSWER:**     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Verified Complaint.

16

45.    At the time the two defendant police officers stopped, questioned, searched and arrested Plaintiff Brown, they did not have any probable cause or other lawful justification to stop, question, search and arrest Plaintiff Brown.

**ANSWER:**    Defendants deny the allegations contained in paragraph 45 of Plaintiff's Verified Complaint.

46.    At the time the two individual defendant police officers caused Plaintiff Brown's vehicle to be unlawfully impounded and towed, they did not have probable cause or other lawful justification to cause the impounding and towing of Plaintiff Brown's vehicle, and they did not have probable cause or other lawful justification to impose $100.00 cash bond upon Plaintiff Brown to re-secure his personal liberty and freedom for unwarranted detainment, and they did not have probable cause or other lawful justification to impose a $300.00 administrative towing fee upon Plaintiff Brown to re-gain personal possession of his vehicle.

**ANSWER:**    Defendants deny the allegations contained in paragraph 46 of Plaintiff's Verified Complaint.

47.    Moreover, prior to the arrest of Plaintiff Brown and the impounding and towing of his vehicle.  The two individual defendant police officers knew or reasonable [sic] should have known that they did not have any reasonable basis either to stop, or to question, or to arrest Plaintiff Brown, or to cause the impounding and towing of Plaintiff Brown's vehicle.

**ANSWER:**    Defendants deny the allegations contained in paragraph 47 of Plaintiff's Verified Complaint.

48.    Moreover, the two individual defendant police officers knew or reasonable [sic] should have known that they did not have any probable cause or other lawful justification to

cause the commencing of prosecution proceedings against Plaintiff Brown for allegedly committing the offense of Disorderly Conduct.

**ANSWER:**    Defendants deny the allegations contained in paragraph 48 of Plaintiff's Verified Complaint.

49.    Plaintiff Brown, did not at any time on October 30, 2007 engage in any form of anti-social behavior which would have given the two individual defendant police officers a reason either to stop, or to question, or to arrest Plaintiff Brown, or would have given them a reason to cause the unlawful impounding and towing of Plaintiff Brown's vehicle, or would have given them a reason to cause the commencing of prosecution proceedings against Plaintiff Brown for allegedly committing the offense of disorderly Conduct.

**ANSWER:**    Defendants deny the allegations contained in paragraph 49 of Plaintiff's Verified Complaint.

50.    The conduct of the two individual defendant police officers, as above described, was so arbitrary that it shocks the conscience and violates the decencies of civilized conduct and was done intentionally, maliciously, willfully and wantonly and/or with reckless disregard and gross negligence toward respecting and honoring Plaintiff Brown's citizenship rights under the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Title 42 U.S.C. Section 1983, and Article I Section 20 of the Constitution of the State of Illinois. The two individual defendant police officers' unlawful conduct of October 30, 2007 was also unreasonable under the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and was also unreasonable under Article I Section 20 of the Constitution of the State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in paragraph 50 of Plaintiff's Verified Complaint.

51.    As a direct and proximate result of the above actions of the two individual defendant police officers.  Plaintiff Brown was damaged, including the loss of his personal freedom, loss of his vehicle, loss of his $400.00, suffered painful agitation to his pre-existing physical injury, was subjected to arbitrary and capricious prosecution proceedings, and suffered loss of financial resources used to prepare for trial, and his public reputation and character was wrongfully criminalized within the rightthinking [sic] mind of Will County Associate Judge Raymond Nash.

**ANSWER:**    Defendants deny the allegations contained in paragraph 51 of Plaintiff's Verified Complaint.

52.    As a direct and proximate result of the scheme between the two individual defendant police officers.  Plaintiff Brown was deprived of the full and equal benefits of his citizenship rights guaranteed under the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States and rights guaranteed under Article I Section 20 of the Constitution of the State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in paragraph 52 of Plaintiff's Verified Complaint.

53.    As a direct and proximate result of defendant Showers' refusal to honor Plaintiff Brown's requests under Illinois Compiled Statutes Ch. 5, Act 140.  Plaintiff Brown was deprived of his right to make contract as accorded to white citizens guaranteed under Title 42 U.S.C. Section 1981(a).

**ANSWER:**    Defendants deny the allegations contained in paragraph 53 of Plaintiff's Verified Complaint.

54.     Defendant Village's adopted "policy and practice" of condoning constitutional abuse on the part of its duly sworn police officers, as described above, shows gross negligence and/or reckless disregard toward honoring and respecting the federal and state citizenship rights of racial minority citizens in general and Plaintiff Brown, in particular.  Defendant Village's adopted "policy and practice" is also unreasonable under the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and is also unreasonable under Article I Section 20 of the Constitution of the State of Illinois.

**ANSWER:**     Defendants deny the allegations contained in paragraph 54 of Plaintiff's Verified Complaint.

55.     Plaintiff Brown declares under penalty of perjury under the Laws of the United States, and under the Laws of the State of Illinois that the foregoing facts are true and correct.

**ANSWER:**     Defendants deny the allegations contained in paragraph 55 of Plaintiff's Verified Complaint.

56.     Plaintiff Brown further declares under penalty of perjury that the attached documents cited as exhibits are genuine copies of the official public records which they purport to be.

**ANSWER:**     Defendants admit that the exhibits attached to the complaint are genuine copies of public records.

## COUNT I

### Section 1983 Monell Claim Against Defendant Village of Romeoville for Failure to Properly Train, Supervise, Control and Discipline the Individual Defendant Police Officers and Record Supervisor

1 - 56.    Plaintiff Brown repeats and realleges paragraphs 1 - 56 of his verified complaint as though fully set forth as paragraphs 1 - 56 and made paragraph 57 of Count I of his verified complaint.

**ANSWER:**    Plaintiff realleges and incorporates by reference paragraphs 1 through 56 as paragraphs 1 through 56 of this Count I. Therefore, the Defendants reallege and incorporate their answers to paragraphs 1 through 56 as their answers to paragraphs 1 through 56 of this Count I.

58.    The Constitutional violations detailed above were only possible for the individual defendant police officers and record supervisor to commit because of the customs, policies, and practices of the Village of Romeoville, whereby the VILLAGE, acting through the Village of Romeoville Police Department, and Records Department failed utterly to properly train, supervise, control and discipline the individual defendant police officers and the defendant records supervisor.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 58 of Plaintiff's Verified Complaint.

59.    These failure include (1) failure to take any steps to discipline, supervisor or control the individual defendant police officers, and record supervisor, thus maintaining an atmosphere and climate where constitutional violations are not punished or prosecuted, encouraging police officers and the record supervisor to violate rather than respect the constitutional rights of citizens, particularly Plaintiff Brown; (2) failure to track, notice, act upon, or correct patterns of constitutional abuse by police officers with multiple complaints lodged

against them, and failure to tract, notice, act upon or correct patterns of abuse of judicial

proceedings by police officers whose arrestees received a nolle prosequi or acquittal from the

charged criminal and/or local ordinance violation offenses, thus encouraging a climate of

constitutional abuse; and (3) failuire [sic] to instruct its police officers in what type of conduct

constitutes infringement upon a citizens rights guaranteed under the 1st, 4th, 8th & 14th

Amendments of the Constitution of the State of Illinois, and failure to properly instruct its police

officers in what constitutes conspiracy to interfere with rights, racial discrimination, defamation

of character, abuse of process, intimidation, oppression, and malicious prosecution, and, as such,

is tantamount to a violation of Title 42 U.S.C. Section 1983 (A true and accurate copy of the

Times Weekly's Investigative Reporting News articles citing the examples and patterns of

constitutional abuse by Village of Romeoville Police Officers condoned by defendant Village of

Romeoville is attached hereto and made part of this Verified Complaint, labeled "Exhibit 6").

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 59 of Plaintiff's
Verified Complaint.

60.    In the alternative, said conduct on the part of defendant Village was, at all times

relevant hereto, consistent with, and in accordance with the directives of its Chief of Police who

is vested with final policy-making and decision-making authority, and as such, is tantamount to a

violation of Title 42 U.S.C. Section 1983.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 60 of Plaintiff's
Verified Complaint.

61.    Moreover, said conduct on the part of the individual defendant police officers was

pursuant to the decision and conduct of defendant Village of Romeoville which having had

actual or constructive knowledge that defendant Village's own constitutional injuries upon

22

citizens like Plaintiff Brown created the atmosphere for defendant Village's duly appointed and sworn police officers to engage in conduct that posed pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff Brown.  Defendant Village of Romeoville response to that knowledge was so inadequate as to show a tacit authorization of the alleged offensive practices, and, as such, is tantamount to a violation of Title 42 U.S.C. Section 1983.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 61 of Plaintiff's Verified Complaint.

62.    As a direct and proximate result of the constitutional abuses and discriminatory treatment, Plaintiff Brown was injured, including having his vehicle unlawfully impounded and towed, was falsely arrested, detained and was falsely charged with committing a local ordinance violation which never occurred, and suffered aggravated pain to his pre-existing physical injury, and was wrongfully subjected to prosecution proceedings being commenced against him, and was deprive of his right to be afforded a copy of the Complaint against him during the Circuit Court's preliminary hearing of December 10, 2007, and was deprived of his right to be afforded an equal opportunity to make contract to acquire requested information pursuant to the State of Illinois Freedom of Information Act, all to his damage.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 62 of Plaintiff's Verified Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in the favor and allow for the costs of defending this lawsuit.

## COUNT II

### Section 1983 and Fourth Amendment Search & Seizure Violation

### (THE TWO INDIVIDUAL DEFENDANT POLICE OFFICERS)

1 - 7, 9 - 35, 40 - 52 & 54 - 56.  Plaintiff Brown repeats and realleges paragraphs 1 - 7, 9 -

35, 40 - 52 & 54 - 56 as though fully set forth as paragraphs 1 - 7, 9 - 35, 40 - 52 & 54 - 56 of his

verified complaint and made paragraph 63 of Count II of his verified complaint.

**ANSWER:**    Plaintiff realleges and incorporates by reference paragraphs 1 through 7, 9 through 35, 40 through 52 and 54 through 56 of this Count II.  Therefore, the Defendants reallege and incorporate their answers to paragraphs 1 through 7, 9 through 35, 40 through 52 and 54 through 56 as their answers to paragraphs 1 through 7, 9 through 35, 40 through 52 and 54 through 56 of this Count II.

64.    The stop, questioning, arrest, search and detention of Plaintiff Brown's person, by

the two (2) individual defendant police officers, described above was in violation of Title 42

U.S.C. Section 1983 et seq., and Plaintiff Brown's right to be free of unreasonable searches and

deprivation of liberty under the Fourth Amendment of the Constitution of the United States, in

that there was no probable cause or lawful justification for the two (2) individual defendant

police officers either to stop, or to question, or to search, or to arrest and detain Plaintiff Brown.

**ANSWER:**    Defendants deny the allegations contained in Count II, paragraph 64 of Plaintiff's Verified Complaint.

65.    The search, impounding and towing of Plaintiff Brown's vehicle described above

was in violation of Plaintiff Brown's citizenship right to have his personal property to be free of

unreasonable search and seizure under the 4th Amendment of the Constitution of the United

States, in that there was no probable cause of other lawful justification for the search,

24

impounding and towing of Plaintiff Brown's vehicle, and, as such, is tantamount to a violation of Title 42 U.S.C. Section 1983 et seq.

**ANSWER:**    Defendants deny the allegations contained in Count II, paragraph 65 of Plaintiff's Verified Complaint.

66.    As a direct and proximate result of the foregoing, Plaintiff Brown, as well as his vehicle was unlawfully searched and seized, and Plaintiff was falsely accused of committing an offense which never occurred, and was involuntarily detained at defendant Village's Police Station, and suffered temporary loss of $100.00 paid in the form of a Cash Bond, and suffer the continue loss of $400.00 paid in the form of the Administrative Towing Fees, and suffered great physical pain from having his pre-existing physical injury severely agitated, and was greatly injured in his public reputation and character, and was deprived of his constitutional rights as described above, all to his damage.

**ANSWER:**    Defendants deny the allegations contained in Count II, paragraph 66 of Plaintiff's Verified Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in the favor and allow for the costs of defending this lawsuit.

## COUNT III

### Section 1983 and Eighth Amendment Excessive Bail Violation

#### (POLICE OFFICER D. ZAKULA JR. Star No 374)

Defendants neither admit nor deny the allegations of Count III because Count III is the subject of a motion to dismiss.

## COUNT IV

### Section 1985(3) Conspiracy To Intimidate And Oppress And
### Fourteenth Amendment Equal Protection Of The Laws Claim

### (THE TWO INDIVIDUAL DEFENDANT POLICE OFFICERS)

Defendants neither admit nor deny the allegations of Count IV because Count IV is the subject of a motion to dismiss.

## COUNT V

### Section 1983 and Article I Section 20 Individual Dignity Claim

### (DEFENDANT POLICE OFFICER D. ZAKULA JR. Star No. 374)

Defendants neither admit nor deny the allegations of Count V because Count V is the subject of a motion to dismiss.

## COUNT VI

### Section 1983 - Abuse of Process Claim

### (THE TWO INDIVIDUAL DEFENDANT POLICE OFFICERS)

Defendants neither admit nor deny the allegations of Count VI because Count VI is the subject of a motion to dismiss.

## COUNT VII

### Section 1981(a) Discrimination Claim

### (DEFENDANT K. SHOWERS)

Defendants neither admit nor deny the allegations of Count IV because Count IV is the subject of a motion to dismiss.

## JURY DEMAND

Defendant demands trial by jury.

## RESERVATIONS OF RIGHTS

Plaintiff Brown's investigation is ongoing, Brown reserves the right to amend this

verified complaint to include additional claims and include additional defendants should his

investigation so merit.

**ANSWER:**    Defendants deny the allegations contained in this Reservation of Rights paragraph
of Plaintiff's Verified Complaint.

s/MICHAEL D. BERSANI
Michael D. Bersani, Bar Number 06200897
Attorney for Defendants, Village of Romeoville,
Daniel Zakula and James Sloup
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone:  630-773-4774
Fax:  630-773-4851
mbersani@hcbattorneys.com

## AFFIRMATIVE DEFENSE

NOW COME the Defendants, VILLAGE OF ROMEOVILLE, DANIEL ZAKULA and

JAMES SLOUP, by and through one of their attorneys, MICHAEL D. BERSANI of HERVAS,

CONDON & BERSANI, P.C., and for their Affirmative Defense to Plaintiff's Verified

Complaint, state the following unto this Honorable Court:

The Defendants did not violate any clearly established constitutional rights of which a

reasonable person would have known, thus entitling them to qualified immunity.

27

WHEREFORE, the Defendants denies that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

s/MICHAEL D. BERSANI

Michael D. Bersani, Bar Number 06200897
Attorney for Defendants, Village of Romeoville,
Daniel Zakula and James Sloup
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone:  630-773-4774
Fax:  630-773-4851
mbersani@hcbattorneys.com

28

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 1577 |
| | ) | |
| VILLAGE OF ROMEOVILLE, et al., | ) | Judge James F. Holderman |
| | ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing **Defendants Village of Romeoville, Daniel Zakula and James Sloup's Answer and Affirmative Defense to Counts I and II of Plaintiff's Verified Complaint** with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Postal Service, certified mail, return receipt requested, the document to the following non CM/ECF system participant:

Willie Brown, *Pro Se*
601 Theodore Avenue
Joliet, IL 60435

S/MICHAEL D. BERSANI
MICHAEL D. BERSANI, Bar Number 06200897
Attorney for Defendants, Village of Romeoville,
Daniel Zakula and James Sloup
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
mbersani@hcbattorneys.com