IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 08 CV 1577 |
| ) | |
| VILLAGE OF ROMEOVILLE, et al., ) | Judge James F. Holderman |
| ) | Magistrate Judge Martin C. Ashman |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS IV-VII, IX
AND XI-XIII OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Defendants, VILLAGE OF ROMEOVILLE, DANIEL ZAKULA, JAMES SLOUP, KARYN SHOWERS, and ROMEOVILLE POLICE CHIEF ANDREW BARTO, by and through their attorneys, HERVAS, CONDON & BERSANI, P.C., who move for the dismissal of Counts IV-VII, IX and XI-XIII of Plaintiff's First Amended Complaint ("FAC").

1. Plaintiff Willie Brown's claims arise out of the allegedly improper handling by Romeoville Officers Zakula and Sloup on October 30, 2007 of a 911 call for assistance received that day from two women reporting that Brown had driven his car in a manner so as to intentionally cause an accident and that Brown was otherwise yelling at the women and exhibiting signs of "road rage."

2. Brown has filed a 13- count FAC against the Romeoville, Chief of Police Andrew Barto, Officer Daniel Zakula, Officer James Sloup and records clerk Karyn Showers.

3. In Count IV, Brown alleges that he had to post a $100 bail and that this bail violated the Eighth Amendment's prohibition on excessive bail, as protected by 42 U.S.C. § 1983. However, requiring a bail bond helps assure the presence of an accused at trial and

numerous courts have held that the Eighth Amendment is not violated by the imposition of a relatively nominal bail, such as that set by Romeoville in this case.

4. In Count V, Brown alleges that the two arresting officers, Zakula and Sloup, conspired to intimidate and oppress him in violation of 42 U.S.C. § 1985(3). However, Brown's allegations of conspiracy are conclusory at best and there are no substantive allegations in the FAC against Officer Sloup nor are there any factual allegations which show that there was ever a "meeting of the minds" between Zakula and Sloup to falsely arrest and maliciously prosecute Brown, let alone to do so for racial reasons. Even if the FAC contained sufficient factual allegations to support a conspiracy claim, Brown's conspiracy claim would still be barred under the intra-corporate conspiracy doctrine, which holds that a conspiracy cannot exist between members of the same governmental entity.

5. In Count VII, Brown alleges that the two Defendant officers abused legal process, in violation of 42 U.S.C. § 1983, when they commenced legal proceedings to intimidate and oppress Brown. However, Brown has not made sufficient allegations to support such a claim since there are no factual allegations in the FAC indicating that the prosecution against Brown was instigated for an ulterior purpose or motive or that the prosecution forced Brown to do something that he otherwise would not have done. Moreover, the Seventh Circuit's holding in Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001) suggests that a constitutional "abuse of process" claim is not legally viable.

6. Plaintiff's state law false imprisonment claim (Count IX) should be dismissed since it is duplicative of Plaintiff's state law false arrest claim (Count VIII).

7. The only count in the FAC against Romeoville records supervisor Karen Showers

2

is Count VI. Showers is accused in Count VI of discriminating against Brown on account of his race, in violation of 42 U.S.C. 1981(a), when she failed to provide documents to Brown in response to Brown's FOIA request. However, § 1981 prohibits discrimination on the basis of race in the making and enforcement of contracts. In this case, there is no contract whatsoever and there are also no factual allegations suggesting that Showers refused to provide Brown with records on account of his race. Additionally, FOIA exempts law enforcement records from disclosure when that disclosure could interfere with ongoing legal proceedings.

8. Brown alleges in Count XI that Defendants intentionally inflicted emotional distress ("IIED"). However, the conduct alleged by Brown here is not nearly "extreme" or "outrageous" enough to support an IIED claim. Moreover, there are no allegations in the FAC that Brown, in fact, suffered severe emotional distress as a result of Defendants' actions. To the contrary, Brown posted bond immediately after his arrest and the disorderly conduct charges pressed against Brown were dismissed at trial when the two women complainants failed to appear in court on the charges. Additionally, Brown is seeking punitive damages in this count but punitive damages are not recoverable in IIED cases.

9. In Count XII, Brown has sued Romeoville and Officers Zakula and Sloup for defamation, claiming that Zakula's police report contained false statements. However, under § 2-107 of the Tort Immunity Act, a local public entity is not liable for any injury caused by any action of its employees that is libelous or slanderous. Moreover, citing strong policy reasons, numerous courts in various jurisdictions have held that a defamation claim cannot be premised on an allegedly false police report and that police reports are "absolutely privileged" against defamation claims.

3

10. Brown claims in Count XIII that Romeoville and Chief Barto negligently adopted policies that resulted in Officers Zakula and Sloup wrongfully towing his vehicle after his arrest. However, Defendants are immune from this claim under §§ 2-201 and 2-202 of the Tort Immunity.

11. Finally, Chief Barto, who is only named in Counts I (Monell claim) and XIII (Negligence) of the FAC, should be dismissed from the litigation. While a municipality can be sued pursuant to Monell v. Dept. of Soc. Servs. Of the City of New York, 436 U.S. 658, 692, 98 S.Ct. 2018 (1978), for its allegedly improper policies, a police chief is not a proper defendant in a Monell claim; rather, only the municipality itself is a proper defendant in a Monell case.

12. Defendants have submitted a memorandum of law in support of this motion to dismiss.

WHEREFORE Defendants respectfully request that this Court dismiss Counts IV-VII, IX, and XI-XIII of the First Amended Complaint. Defendants further ask that Defendants Barto and Showers be dismissed from this case in its entirety and that Brown's request for punitive damages in Count XI be stricken.

> s/JASON W. ROSE
> Jason W. Rose, Attorney Bar Number, 06208130
> Michael D. Bersani, Bar Number 06200897
> Attorney for Defendants, Village of Romeoville,
> Daniel Zakula and James Sloup
> HERVAS, CONDON & BERSANI, P.C.
> 333 Pierce Road, Suite 195
> Itasca, IL 60143-3156
> Phone: 630-773-4774
> Fax: 630-773-4851
> jrose@hcbattorneys.com
> mbersani@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 CV 1577 |
| ) | |
| VILLAGE OF ROMEOVILLE, et al., ) | Judge James F. Holderman |
| ) | Magistrate Judge Martin C. Ashman |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2008, I electronically filed the foregoing **Defendants' Motion to Dismiss Counts IV-VII, IX and XI-XIII of Plaintiff's First Amended Complaint** with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Postal Service, certified mail, return receipt requested, the document to the following non CM/ECF system participant:

Willie Brown, *Pro Se*
601 Theodore Avenue
Joliet, IL 60435


                    s/JASON W. ROSE
                    Jason W. Rose, Attorney Bar Number, 06208130
                    Michael D. Bersani, Bar Number 06200897
                    Attorney for Defendants, Village of Romeoville,
                    Daniel Zakula and James Sloup
                    HERVAS, CONDON & BERSANI, P.C.
                    333 Pierce Road, Suite 195
                    Itasca, IL 60143-3156
                    Phone: 630-773-4774
                    Fax: 630-773-4851
                    jrose@hcbattorneys.com
                    mbersani@hcbattorneys.com