**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1577 |
| v. | ) | |
| | ) | Judge James F. Holderman |
| VILLAGE OF ROMEOVILLE, et al. | ) | Magistrate Judge Martin C. Ashman |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS VILLAGE OF ROMEOVILLE, DANIEL ZAKULA AND
JAMES SLOUP'S ANSWER TO COUNTS I, II, III, VIII & X OF
PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT**

NOW COME the Defendants, VILLAGE OF ROMEOVILLE, DANIEL ZAKULA and

JAMES SLOUP's, by and through one of their attorneys, JASON W. ROSE of HERVAS,

CONDON & BERSANI, P.C. and, for their answer to Counts I, II, III, VIII & X of Plaintiff's

Verified Complaint, state as follows:

**PRELIMINARY STATEMENT**

1.    This action is brought forth pursuant to Title 42 U.S.C. Section 1981(a), Title 42

U.S.C. Section 1983 and Title 42 U.S.C. Section 1985(3) seeking Actual, Compensatory,

General and Punitive judgment damages for deprivation of rights and conspiracy to interfere with

rights, while acting "Under Color of" state law as Police Officers for the Village of Romeoville,

and of rights guaranteed under the 4th, 8th, and 14th Amendments of the Constitution of the

United States, as well as rights under Article I Section(s) 2 & 6 of the Constitution of the State of

Illinois.

Plaintiff Brown contend that the stop, questioning of him, physical search of him and the

seizure of him, along with the search, impounding and towing of his registered and fully insured

automobile, and the charging of the $100.00 cash bond, and the charging of the $400.00

administrative tow fee, and the deprivation of being afforded an equal opportunity to make a

contract to be able to purchase available public information requested pursuant to the Freedom of

Information Act, and the deprivation of rights under Defendant Village of Romeoville Police

Department General Order 4-605, and the individual defendant police officers causing the

commencing of prosecution proceedings against him were committed without probably cause or

other lawful justification, and represented overt acts performed pursuant to and in the furtherance

of Mary R. Sanders and Amy M. Bova's scheme to misuse the proper use of defendant Village of

Romeoville Police Department and the State of Illinois Judicial System in such a way as to

intimidate, oppress and interfere with Plaintiff Brown in exercising his citizenship rights because

of his racial nationality, African American, and Plaintiff Brown honestly and in good faith

believe that he is entitled to federal court remedial action.

**ANSWER:**    Defendants deny the allegations contained in paragraph 1 of Plaintiff's Verified
First Amended Complaint, except that Defendants admit that the individual
Defendants acted under color of law.

## II. JURISDICTION

2.    This action is brought pursuant to Title 42 U.S.C. Section 1981(a) and Title 42

U.S.C. Section 1983, Title 42 U.S.C. Section 1985(3) and the Fourth, Eighth and Fourteenth

Amendments of the Constitution of the United States.  Jurisdiction is founded upon Title 28

U.S.C. Section 1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and

statutory provisions.  This Court has supplemental jurisdiction over the state law false arrest,

false imprisonment, malicious prosecution, defamation of character, intentional infliction of

emotional distress and negligence claims of this action pursuant to Title 28 U.S.C. Section

1367(a) because they are so related to the claims under Title 42 of the United States Codes that they form the same cause or controversy under Article III of the Constitution of the United States.

**ANSWER:**     Defendants admit that this Honorable Court has jurisdiction over Plaintiff's claims.

### III.  VENUE

3.     Venue is proper in this district pursuant to Title 28 U.S.C. Section 1391(b) because this is a civil action that is not founded solely on diversity of citizenship, and this district is where a substantial part of the events giving rise to this claim accrued, as well as is the district where the two (2) individual defendant police officers and the individual defendant records supervisor whom are the subjects of this action reside and are employed.

**ANSWER:**     Defendants admit that venue is proper before this Honorable Court.

### IV.  PARTIES

4.     The Plaintiff, WILLIE BROWN, (sometimes hereinafter referred to as Plaintiff "Brown" at all relevant times mentioned hereinafter) is a 53 year old African American citizen of the United States, and a life long resident of the State of Illinois whose current address is 601 Theodore Street in the City of Joliet.  Plaintiff Brown is the owner and the licence operator of his registered and fully insured 1991 Civic Wagon vehicle utilized as his service vehicle.

Additionally, since June 2007, Plaintiff Brown has been on prescription medication for medical treatment of a pre-existing buldging disc injury in his back affecting his nerves which cause numbness and pain in his right leg if allowed to be placed and left in a cramped position for an extended amount of time, and Plaintiff Brown walks with the aid of a cane.

**ANSWER:**    Defendants admit that Plaintiff is an African American. Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of Plaintiff's Verified First Amended Complaint.

5.    The Defendant, VILLAGE OF ROMEOVILLE, (sometimes hereinafter referred to as defendant "Village" at all relevant times mentioned hereinafter) is a home rule municipal corporation organized and existing under the Laws of the State of Illinois. Defendant Village is the employer of the individual defendant police officers, and, as such, is totally liable for the conduct of the individual defendant police officers, and is totally liable for the conduct of the defendant records supervisor. Defendant Village is being sued directly in Count I *Monell* claim and pursuant to the doctrine of respondeat superior in the related State law claims.

**ANSWER:**    Defendants admit that Defendant Village is a municipal corporation organized and existing under the laws of the State of Illinois, that Defendant Village is the employer of the individual Defendant police officers, and that Defendant Village is being sued in Count I (Monell claim) and pursuant to the doctrine of respondeat superior in the related state law claims. Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's Verified First Amended Complaint.

6.    The defendant, ANDREW J. BARTO ( sometimes hereinafter referred to as defendant "Barto", at all relevant times mentioned hereinafter) is the duly appointed and sworn Chief of Police of the Village of Romeoville Police Department, and, as such, is totally responsible for the training, supervision, discipline, and control of all Police Officers employed by the Village of Romeoville Police Department. Defendant Barto is being sued directly in Count I *Monell* claim.

**ANSWER:**    Defendants admit that Barto is the duly appointed and sworn Chief of Police of the Village of Romeoville. Defendants deny the remaining allegations contained in paragraph 6 of Plaintiff's Verified First Amended Complaint.

4

7.    The defendant, D. ZAKULA JR. (sometimes hereinafter referred to as defendant "Zakula" Star # 374, at all relevant times mentioned hereinafter) is a duly appointed and sworn police officer of the Village of Romeoville.  On the 30th day of October, 2007 when engaging in conduct complained of, did so while acting in excess of the course and scope of his employment as an agent, servant and/or employee of defendant Village of Romeoville.  Defendant Zakula is being sued in his individual and personal capacity as an agent, servant and/or employee of defendant VILLAGE OF ROMEOVILLE.

**ANSWER:**    Defendants admit the allegations contained in paragraph 7 of Plaintiff's Verified First Amended Complaint, except that Defendants deny that Defendant Zakula engaged in the conduct complained of or that he acted in excess of the course and scope of his employment.

8.    The Defendant, POLICE OFFICER JAMES SLOUP Star #348, (sometimes hereinafter referred to as defendant "Sloup", at all relevant times mentioned hereinafter) is a duly appointed and sworn police officer of the Village of Romeoville.  On the 30th day of October, 2007, when engaging in conduct complained of, did so while acting in excess of the course and scope of his employment as an agent, servant and/or employee of defendant Village of Romeoville.  Defendant Sloup is being sued in his individual and personal capacity as an agent, servant and/or employee of defendant VILLAGE OF ROMEOVILLE.

**ANSWER:**    Defendants admit the allegations contained in paragraph 8 of Plaintiff's Verified First Amended Complaint, except that Defendants deny that Police Officer Sloup engaged in the conduct complained of or that he acted in excess of the course and scope of his employment.

9.    The Defendant, K. SHOWERS (sometimes hereinafter referred to as defendant "Showers" at all relevant times mentioned hereinafter) is a duly appointed and sworn Records Supervisor of the Village of Romeoville.  When engaging in conduct complained of, did so while

5

acting in excess of the course and scope of her employment as an agent, servant and/or employee

of defendant Village of Romeoville.  Defendant Showers is being sued in her individual and

personal capacity as an agent, servant and/or employee of defendant VILLAGE OF

ROMEOVILLE.

**ANSWER:**    Defendants admit the allegations contained in paragraph 9 of Plaintiff's Verified
First Amended Complaint, except that Defendants deny that K. Showers engaged
in the conduct complained of or that she acted in excess of the course and scope of
her employment.

10.    At all times material to this Verified First Amended Complaint, the individual

defendant police officers and the defendant records supervisor were acting "Under the Color of"

the statutes, ordinances, regulations, customs and usage of the State of Illinois, Village of

Romeoville and the Village of Romeoville Police Department and Records Department.

**ANSWER:**    Defendants admit the allegations contained in paragraph 10 of Plaintiff's Verified
First Amended Complaint.

## V.  FACTS COMMON TO ALL COUNTS

11.    I, WILLIE BROWN, being duly sworn and upon oath if called upon could

competently testify to the following facts from my own personal knowledge.

**ANSWER:**    Defendants state that they have knowledge or information insufficient to form a
belief as to the truth or falsity of the allegations contained in paragraph 11 of
Plaintiff's Verified First Amended Complaint.

12.    That on or about the 30th day of October, 2007, Plaintiff Brown was driving his

1991 Civic Wagon vehicle traveling eastbound on Airport Road in the Village of Romeoville.

**ANSWER:**    Defendants admit the allegations contained in paragraph 12 of Plaintiff's Verified
First Amended Complaint.

6

13.    A white automobile was traveling in the same eastbound direction about 2 to 3 car lengths ahead of Plaintiff Brown.

**ANSWER:**    Defendants admit that there was a white automobile traveling in the same eastbound direction, but deny the remaining allegations contained in paragraph 13 of Plaintiff's Verified First Amended Complaint.

14.    That on three (3) separate occasions, the white automobile came to an abrupt stop, as to indicate some change in direction other than the eastbound direction the white vehicle had been traveling.

**ANSWER:**    Defendants deny the allegations contained in paragraph 14 of Plaintiff's Verified First Amended Complaint.

15.    Plaintiff Brown attempted a left passing move around the white vehicle, and as he attempted to pass the white vehicle, the driver, a seemly Caucasian-American female, glanced over at him while accellerating [sic] the speed of the white vehicle as so to interfere with Plaintiff Brown's attempt to safely manuver [sic] around the white vehicle.

**ANSWER:**    Defendants deny the allegations contained in paragraph 15 of Plaintiff's Verified First Amended Complaint.

16.    After the driver of the white vehicle's third abrupt stopping and accelleration. [sic] Plaintiff Brown managed to safely manuver [sic] to get around in front of the white vehicle.

**ANSWER:**    Defendants deny the allegations contained in paragraph 16 of Plaintiff's Verified First Amended Complaint.

17.    As Plaintiff Brown was passing the white vehicle, the driver began exhibiting abrasive facial and middlefinger jestures [sic] and loudly shouted racial epithets - i.e., "Fucking Nigger, Fucking Nigger" - toward Plaintiff Brown.

**ANSWER:**     Defendants deny the allegations contained in paragraph 17 of Plaintiff's Verified First Amended Complaint.

18.     That at the stop light at the intersection of Airport Road and Weber Road, Plaintiff Brown was talking with his wife over his cell telephone, he observed through his vehicle's rear view mirror, the approaching of two of defendant Village Police Department's patrol squad cars with their emergency lights flashing.

**ANSWER:**     Defendants state they have knowledge insufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was talking with his wife over his cell telephone, and deny the remaining allegations contained in paragraph 18 of Plaintiff's Verified First Amended Complaint.

19.     That after Plaintiff Brown manuvered [sic] over to allow the defendant Village's Police Department patrol squad cars to pass.  The two squad cars pulled up behind Plaintiff Brown's vehicle.

**ANSWER:**     Defendants deny the allegation that Plaintiff Brown manuvered over to allow the defendant Village's Police Department patrol squad cars to pass.  Said Defendants admit the remaining allegations contained in paragraph 19 of Plaintiff's Verified First Amended Complaint.

20.     That after the two individual defendant police officers emerged from their squad cars they approached Plaintiff Brown's vehicle.  After which Plaintiff Brown rolled down his vehicle's window and raised his hands in the air while informing the two individual defendant police officers that his wallet was under his seat and further suggested to the individual defendant police officers that they should refrain from getting excited.

**ANSWER:**     Defendants admit that after the two individual defendant police officers emerged from their squad cars they approached Plaintiff Brown's vehicle.  Said Defendants admit that after which Plaintiff Brown rolled down his vehicle's window while informing the two individual defendant police officers that his wallet was under his seat.  Said Defendants deny that Plaintiff raised his hands in the air.  Said

Defendants deny that Plaintiff further suggested to the individual defendant police officers that they should refrain from getting excited.

21. The individual defendant police officers informed Plaintiff Brown that the driver of the white vehicle had called in a complaint against Plaintiff Brown.

**ANSWER:** Defendants admit the allegations contained in paragraph 21 of Plaintiff's Verified First Amended Complaint.

22. After Plaintiff Brown tendered over his valid drivers license, car registration, and current automobile insurance card. The two (2) individual defendant police officers asked Plaintiff Brown what had occurred between him and the driver of the white vehicle.

**ANSWER:** Defendants admit that Plaintiff Brown tendered over his valid driver's license and that the Defendant police officers questioned Plaintiff what had occurred between the Plaintiff and the driver of the white vehicle. Defendants deny that Plaintiff Brown tendered his car registration and current automobile insurance card.

23. In furtherance of the conspiracy and scheme, after Plaintiff Brown explained what had occurred between him and the driver of the white vehicle. The two individual defendant police officers informed Plaintiff Brown that the driver of the white vehicle had called in a complaint against Plaintiff Brown and that they were placing him under arrest for committing the offense of "Disorderly Conduct."

**ANSWER:** Defendants admit the allegations contained in paragraph 23 except that Defendants informed Plaintiff that he was under arrest for disorderly conduct after Defendants spoke with the occupants of the white automobile, and that Defendants deny the existence or formation of any conspiracy or scheme.

24. In furtherance of the conspiracy and scheme, neither before nor after the two individual defendant police officers took plaintiff Brown into their custody did either one of them inform plaintiff Brown of his Miranda rights.

9

**ANSWER:**     Defendants deny the allegations contained in paragraph 24 of Plaintiff's Verified First Amended Complaint.

25.     In furtherance of the conspiracy and scheme, without first asking to acquire Plaintiff Brown's permission to search his vehicle.  The two individual defendant police officers conducted an interior search of Plaintiff Brown's vehicle, and informed Plaintiff Brown that his vehicle was going to be impounded and towed.

**ANSWER:**     Defendants deny the existence or formation of a conspiracy or scheme. Defendants admit the remaining allegations contained in paragraph 25 of Plaintiff's Verified First Amended Complaint.

26.     That General Order 4-605 establishes defendant Village of Romeoville Police Department's policy authorizing Towing and Impoundment Of Vehicles (A true and accurate copy of General Order 4-605 is attached to this verified first amended complaint, labeled "Exhibit 1").

**ANSWER:**     Defendants admit the allegations contained in paragraph 26 of Plaintiff's Verified First Amended Complaint.

27.     That defendant Village of Romeoville Police Department's General Order 4-605 does not provide any provisions allowing the impounding and towing of a vehicle after the operator is arrested under the particular set of conditions and circumstances underlining the arrest of Plaintiff Brown (A true and accurate copy G.O. 4-605 Appendix A Impoundment Qualified Violations, is attached to this verified first amended complaint, labeled "Exhibit 2").

**ANSWER:**     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Verified First Amended Complaint.

28.     That defendant Village of Romeoville Police Department's General Order 4-605 provides provisions to prevent the impounding and towing of a vehicle after the operator has

been arrested (A true and accurate copy of G.O. 4-605 Section G. Waiver Of Tow, is attached to this verified first amended complaint, labeled "Exhibit 3").

**ANSWER:**    Defendants deny the allegations contained in paragraph 28 of Plaintiff's Verified First Amended Complaint.

29.    That after Plaintiff Brown asked the two individual defendant police officers if he could call his wife to come and pick up his vehicle to prevent it from being impounded and towed.  Defendant Zakula refused Plaintiff Brown's request and stated that defendant Village has a policy authorizing the impounding and towing of Plaintiff Brown's vehicle under the conditions and circumstances of his arrest.

**ANSWER:**    Defendants admit the allegations contained in paragraph 29 of Plaintiff's Verified First Amended Complaint.

30.    While being transported to defendant Village's Police Station.  Plaintiff Brown inquired about what the driver of the white vehicle had to say to the two individual defendant police officers to warrant his arrest.  Defendant Zakula turned up the volume of his radio to drown out listening to what Plaintiff Brown was asking, and defendant Zakula did not respond to Plaintiff Brown's question.

**ANSWER:**    Defendants Village and Zakula admit only that Plaintiff inquired about what the driver of the white vehicle had to say to the two individual defendant police officers to warrant his arrest.  Defendants Village and Zakula deny the remaining allegations contained in paragraph 30 of Plaintiff's Verified Complaint. Defendant Sloup states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of Plaintiff's Verified First Amended Complaint.

31.    While Plaintiff Brown was being transported to defendant Village's Police Station, his right leg became very numb and very painful from being placed and left in a cramped position.

11

**ANSWER:**    Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of Plaintiff's Verified First Amended Complaint.

32.    As Plaintiff Brown was moving around in an effort to gain some comfort and relief from the emerging numbness and pain in his leg.  Defendant Zakula finally turned down the volume on his radio and asked Plaintiff Brown whether he had any other handcuff keys other than the set of keys seized from him by the other individual defendant police officer.

**ANSWER:**    Defendants Village and Zakula admit that Zakula asked Plaintiff whether he had any other handcuff keys other than the set of keys seized from him by the other individual defendant police officer.  Said Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the allegation that Plaintiff Brown was moving around in an effort to gain some comfort and relief from the numbness and pain in his right leg.  Said Defendants deny the remaining allegation contained in paragraph 32 of Plaintiff's Verified First Amended Complaint that Defendant Zakula finally turned down the volume on his radio.  Defendant Sloup states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiff's Verified First Amended Complaint.

33.    Upon arrival at defendant Village's Police Station.  The numbness and pain in Plaintiff Brown's leg and back, from sitting in a cramped position, had became so severe that defendant Zakula had to physically assist Plaintiff Brown with getting out of the back seat of defendant Zakula's patrol squad car.

**ANSWER:**    Defendants deny the allegations contained in paragraph 33 of Plaintiff's Verified First Amended Complaint.

34.    That defendant Village of Romeoville's Police Department adopted General Order 3-901 policy requires its Police Officers to produce a daily quota of issued traffic citations, administrative warning tickets and parking tickets (A true and accurate copy of General Order 3-901, is attached to this first amended complaint, labeled "Exhibit 4").

**ANSWER:**    Defendants deny the allegations contained in paragraph 34 of Plaintiff's Verified First Amended Complaint.

35.    During the period of time Plaintiff Brown was detained in defendant Village's Police Department.  Defendant Zakula and another one of defendant Village's Police Department Patrol Officers, while laughing, began comparing their individual effort to make their monthly quotas for issuing citations and making arrests.

**ANSWER:**    Defendants deny the allegations contained in paragraph 35 of Plaintiff's Verified First Amended Complaint.

36.    After defendant Zakula subjected Plaintiff Brown to the booking procedures. Plaintuiff [sic] Brown requested a Personal Recognizance Bond to secure his release from custody.  Defendant Zakula refused to grant the request, and required Plaintiff Brown to post a $100.00 cash bond to obtained his release from custody.

**ANSWER:**    Defendants admit that Brown was required to post a $100.00 cash bond to secure his release.

37.    In furtherance of the conspiracy and scheme, the 10th day of December, 2007 was set as the preliminary hearing date on Case No. 07 OV 8956, concerning the incident occurring on the 30th day of October, 2007.  (A true and accurate copy of the $100.00 cash bond document is attached hereto and made part of this verified first amended complaint, labeled "Exhibit 5").

**ANSWER:**    Defendants admit that Brown's case was given a preliminary hearing date of December 10, 2007.  Defendants deny the remaining allegations contained in paragraph 37 of Plaintiff's Verified First Amended Complaint.

38.    In furtherance of the conspiracy and scheme Plaintiff Brown was subsequently required to pay a  $400.00 Administrative Towing Fee to obtain the release of his vehicle from impound.  After which Plaintiff Brown requested an administrative hearing to contest the

13

unwarranted and unlawful impounding and towing of his vehicle. (A true and accurate copy of

the Romeoville Police Department Tow Report, as well as a copy of the Plaintiff Brown's

submitted Vehicle Post Tow/Impoundment Notice, are attached hereto and made part of this

verified first amended complaint, labeled "Exhibit 6").

**ANSWER:**    Defendants admit that Brown was required to pay an administrative towing fee
and that he requested an administrative hearing to contest the charges against him.
Defendants deny the remaining allegations contained in paragraph 38 of Plaintiff's
Verified First Amended Complaint.

39.    That on or about the 6th day of November , 2007, defendant Village of Romeoville

Police Department's Operation Lieutenant, Mark Turvey, issued a notice scheduling November

20, 2007 hearing on Plaintiff Brown's October 30, 2007 submitted request for an administrative

towing hearing (A true and accurate copy of the November 6, 2007 issued noticed, is attached to

this verified first amended complaint, labeled "Exhibit 7").

**ANSWER:**    Defendants admit the allegations contained in paragraph 39 of Plaintiff's Verified
First Amended Complaint.

40.    Upon Plaintiff Brown's arrival at the requested administrative hearing, and

without first requesting permission to conduct a search of Plaintiff Brown's person. One of

defendant Village's Police Department Lt. imposed a full body search upon Plaintiff Brown's

person.

**ANSWER:**    Defendant Village of Romeoville denies the allegations contained in paragraph 40
of Plaintiff's Verified First Amended Complaint. The individual Defendants state
that they have knowledge or information insufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 40 of Plaintiff's Verified
First Amended Complaint.

41.     As oppose to being afforded the right to have an impartial party from defendant

Village Manager's office to conduct the administrative hearing.  One of defendant Village's

Police Department Lt. conducted the administrative hearing.

**ANSWER:**     Defendant Village of Romeoville admits that the Village's Police Department Lt.
                conducted the administrative hearing.  Defendant Village of Romeoville denies
                the remaining allegations contained in paragraph 41 of Plaintiff's Verified First
                Amended Complaint.  The individual Defendants state that they have knowledge
                or information insufficient to form a believe as to the truth or falsity of the
                allegations contained in paragraph 41 of Plaintiff's Verified First Amended
                Complaint.

42.     After Plaintiff Brown explained the nature of the transaction which occurred

between himself and the driver of the white vehicle. The Lt. claimed that the two individual

defendant police officers had acted properly and that Plaintiff Brown would not be reimbursed

with his $400.00 paid out to cover the administrative tow fee.

**ANSWER:**     Defendant Village of Romeoville admits the allegations contained in paragraph 42
                of Plaintiff's Verified First Amended Complaint.  The individual Defendants state
                that they have knowledge or information insufficient to form a belief as to the
                truth or falsity of the allegations contained in paragraph 42 of Plaintiff's Verified
                First Amended Complaint.

43.     That on or about the 21st day of November, 2007, defendant Barto issued his

determination that the impound and towing of Plaintiff Brown's vehicle was justified (A true and

accurate copy of defendant Barto's issued determination of November 21, 2007, is attached to

this verified first amended complaint, labeled "Exhibit 8").

**ANSWER:**     Defendants admit that the hearing officer who considered Brown's appeal found
                that the impounding and towing of Brown's vehicle was justified.  Defendants
                deny the remaining allegations contained in paragraph 43 of Plaintiff's Verified
                First Amended Complaint.

44.    In furtherance of the conspiracy and scheme, neither before, nor during, nor immediately after the circuit court's preliminary hearing of December 10, 2007, was Plaintiff Brown tendered a personal copy of Case No. 07 OV 8956 complaint against him, and January 14, 2008 was set as the scheduled trial date.

**ANSWER:**    Defendants admit that January 14, 2008 was set as the scheduled trial date. Defendants state that they have knowledge or information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 44 of Plaintiff's Verified First Amended Complaint.

45.    That defendant Village has a schedule of fees which citizens are required to pay in order to enter into a contract to purchase copies of available public information to include public information sought after under the State of Illinois Freedom of Information Act.

**ANSWER:**    Defendants admit that the Village has a fee schedule for FOIA requests. Defendants deny the remaining allegations contained in paragraph 45 of Plaintiff's Verified First Amended Complaint.

46.    Plaintiff Brown, as a *pro se* defendant in Case No. 07 OV 8956, twice submitted a Illinois Freedom of Information Act Request to defendant Showers in an effort to enter into and/or make a contract with defendant Village to purchase copies of available public information pertaining to the incident occurring on the 30th day of October, 2007.

**ANSWER:**    Defendant Village admits that Brown submitted two requests under FOIA, seeking documents. Defendant denies the remaining allegations contained in paragraph 46 of Plaintiff's Verified First Amended Complaint. The other Defendants states that they have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of Plaintiff's Verified First Amended Complaint.

47.    After Plaintiff Brown verbally informed defendant Showers that he was proceeding *pro se* which entitled to purchase the available public information in order to prepare his defense against Case No. 07 OV 8956 Disorderly Conduct charge.  Defendant Showers

16

denied affording Plaintiff Brown with an equal right to make and/or enter into a contract with

defendant Village to purchase copies of available pubilic [sic] information sought under the

Illinois Freedom of Information Act.  (A true and accurate copy of defendant Showers' denial

notice is attached hereto and made part of this verified first amended complaint, labeled "Exhibit

9").

**ANSWER:**    Defendants admit that Plaintiff's Exhibit 9 is a true and accurate copy of
Defendant Showers' denial notice.  Defendants deny the remaining allegations
contained in paragraph 47 of Plaintiff's Verified First Amended Complaint.

48.    During Plaintiff Brown's initiated Discovery phase of Case No. 07 OV 8956.

Plaintiff Brown submitted a Request For Production Of Document requesting the audio & video

recordings from the two individual defendant police officers' squad cars, as well as requested the

video tape recordings from defendant Village's Police Department area, and requested a copy of

the Police Incident Report, and a copy of the Disorderly Conduct offense filed against him, in

reference to the occurrence of the 30th day of October, 2007.

**ANSWER:**    Defendant Village admits the allegations contained in paragraph 48 of Plaintiff's
Verified First Amended Complaint. The other Defendants states that they have
knowledge or information insufficient to form a belief as to the truth or falsity of
the allegations contained in paragraph 30 of Plaintiff's Verified First Amended
Complaint.

49.    That on or about the 8th day of January, 2008, six (6) days prior to Case No. 07

OV 8956's  January 14, 2008 scheduled trial date.  Defendant Village's attorney Lawerence M.

Kaschak mailed Plaintiff Brown a copy of most of the very same avaliable public information

documents which defendant Showers previously deprived him of his right to enter into a contract

to purchase in reference to the occurrence of October 30, 2007.  (A true and accurate copy of the

documents provided by defendant Village's attorney, Lawrence M. Kaschak are attached hereto
and made part of this verified first amended complaint, labeled "Exhibit 10").

**ANSWER:**    Defendant Village admits that the Village Prosecutor provided his entire file to the
Plaintiff upon Plaintiff's request prior to the January 14, 2008 scheduled trial date,
and that the attached Exhibit 10 is a true and accurate copy of the documents
provided by the prosecutor.  The individual Defendants state that they have
knowledge or information insufficient to form a belief as to the truth or falsity of
the allegations contained in paragraph 49 of Plaintiff's Verified First Amended
Complaint.

50.    During the scheduled trial of January 14, 2008.  Neither did either one of the two
individual defendant police officers appear, nor did the alleged victims, Mary R. Sanders & Amy
M. Bova appear.  Nor did defendant Village's attorney Lawrence M. Kaschak afford the court
with any justifiable reasons for the two individual defendant police officers and the alleged
victims' failure to appear.  Nor did defendant Village's attorney Lawrence M. Kaschak tender the
requested audio/video tape recordings in reference to the occurrence of October 30, 2007, over to
Plaintiff Brown.

**ANSWER:**    Defendants deny that the Village prosecutor Lawrence M. Kaschak did not afford
the court with any justifiable reasons for othe two individual defendant police
officers and the alleged victims' failure to appear.  Defendant Village admits that
neither the officers nor the victims appeared in court, and further admits that the
audio/video tape recordings (if any in fact existed at the time) were not turned
over to Plaintiff.  The individual Defendants state that they have knowledge or
information insufficient to form a belief as to the truth or falsity of the allegations
contained in paragraph 50 of Plaintiff's Verified First Amended Complaint.

51.    While standing before Associate Judge Raymond Nash.  Defendant Village's
attorney Lawrence M. Kaschak informed the court that Case No. 8956 offense of Disorderly
Conduct alleged to have been committed by Plaintiff Brown during occurrences of October 30,
2007, was being voluntarily dismissed.

18

**ANSWER:**    Defendants admit the allegations contained in paragraph 51 of Plaintiff's Verified First Amended Complaint.

52.    On or about the 24th day of January, 2008, within two (2) weeks after the voluntary dismissal of the Disorderly Conduct charge.  Plaintiff Brown received a $100.00 check from defendant Village as a reimbursement of the cash bond posted on October 30, 2007 to secure his release from being involuntary detained at defendant Village of Romeoville Police Department.

**ANSWER:**    Defendants admit the allegations contained in paragraph 52 of Plaintiff's Verified First Amended Complaint.

53.    That as of the date of the filing of this verified first amended complaint.  Plaintiff Brown still has not received a $400.00 check from defendant Village as a reimbursement of the administrative towing fee paid out on October 30, 2007.

**ANSWER:**    Defendants admit the allegations contained in paragraph 53 of Plaintiff's Verified First Amended Complaint.

54.    The attempted prosecution of Case No. 07 OV offense of Disorderly Conduct has been wholly terminated and determined in favor of Plaintiff Brown indicative of his innocence. Plaintiff Brown, by means of being falsely accused, falsely arrested, unwarrantly searched, having his vehicle unlawfully impounded and towed, having his physical injury severely aggravated, deprived of an equal opportunity to enter into a contract to purchase available public information sought under the Illinois Freedom of Information Act, and being subjected to arbitrary and capicuous [sic] prosecution proceedings, suffered loss of his individual freedom, and liberty, and suffered loss of possession of his property, and suffered being deprived of his right to make a contract, and suffered great humiliation, agitation and pain of body and mind.

19

**ANSWER:**    Defendants deny the allegations contained in paragraph 54 of Plaintiff's Verified
First Amended Complaint.

55.    At the time the two defendant police officers stopped, questioned, searched and

arrested Plaintiff Brown.  Neither did they have any probable cause or any other lawful

justification to stop, or to question, or to search or to arrest and charge Plaintiff Brown, allegedly

committing the offense of Disorderly Plaintiff Brown, or would have given them a reason to

cause the unlawful impounding and towing of Plaintiff Brown's vehicle, or would have given

them a reason to cause the commencing of prosecution proceedings against Plaintiff Brown for

allegedly committing the offense of Disorderly Conduct.

**ANSWER:**    Defendants deny the allegations contained in paragraph 55 of Plaintiff's Verified
First Amended Complaint.

60.    [Sic] The conduct of the two individual defendant police officers, as above

described, was so arbitrary that it shocks the conscience and violates the decencies of civilized

conduct and was done intentionally, maliciously, willfully and wantonly and/or with reckless

disregard and gross negligence toward respecting and honoring Plaintiff Brown's citizenship

rights under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United

States, and rights under Article I Bill of Rights Section(s) 2 & 6, and Title 42 U.S.C. Section

1983, and Title 42 U.S.C. Section 1985(3).

**ANSWER:**    Defendants deny the allegations contained in paragraph 60 of Plaintiff's Verified
First Amended Complaint.

61.    That it is a *customary practice* for Defendant Village of Romeoville Police

Department to neglect properly instructing, supervising, training and controlling its police

officers to prevent and discipline acts of constitutional abuse, particularly that of the two (2)

individual defendants police officers' unlawful conduct occurring on the 30th day of October, 2007, as well as neglected to properly instruct its police officers in what constitutes unreasonable conduct under the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and under Article I Bill of Rights Section(s) 2 & 6 of the Constitution of the State of Illinois. (True and accurate copies of the Times Weekly's investigative reporting news articles pointing out defendant Village of Romeoville Police Department's policy and pattern of condoning acts of constitutional abuse on the part of its various police patrol officers are attached hereto and made part of this verified first amended complaint, labeled "Exhibit 11").

**ANSWER:**    Defendants deny the allegations contained in paragraph 61 of Plaintiff's Verified First Amended Complaint.

62.    As a direct and proximate result of the above actions of the two individual defendant police officers.  Plaintiff Brown was damaged, including the loss of his personal freedom, loss of his vehicle, loss of his $400.00, suffered painful agitation to his pre-existing physical injury, was subjected to arbitrary and capricious prosecution proceedings, and suffered loss of financial resources used to prepare for trial, and his public reputation and character was wrongfully criminalized within the rightthinking [sic] mind of Will County Associate Judge Raymond Nash.

**ANSWER:**    Defendants deny the allegations contained in paragraph 62 of Plaintiff's Verified First Amended Complaint.

63.    As a direct and proximate result of the scheme between the two (2) caucasian females occuppying the white vehicle and the two (2) individual defendant police officers. Plaintiff Brown was deprived of the full and equal benefits of his citizenship rights guaranteed under the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States,

as well as was deprived of his rights guaranteed under Article I Bill of Rights Section(s) 2 & 6 of the Constitution of the State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in paragraph 63 of Plaintiff's Verified First Amended Complaint.

64.    As a direct and proximate result of defendant Showers' decision to deny affording Plaintiff Brown with an equal right to make and/or enter into contract with defendant Village to purchase available public information sought under the Illinois Freedom of Information Act. Plaintiff Brown was deprived of his right guaranteed under Title 42 U.S.C. Section 1981(a).

**ANSWER:**    Defendants deny the allegations contained in paragraph 64 of Plaintiff's Verified First Amended Complaint.

65.    Defendant Village's adopted "policy and practice" of condoning constitutional abuse on the part of its duly sworn police officers, as described above, shows gross negligence and/or reckless disregard toward honoring and respecting the federal and state citizenship rights of citizens in general, and Plaintiff Brown, in particular.  Defendant Village's adopted "policy and practice" is also unreasonable under the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America, and is also unreasonable under Article I.  Bill of Rights Section(s) 2 & 6 of the Constitution of the State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in paragraph 65 of Plaintiff's Verified First Amended Complaint.

66.    Plaintiff Brown declares under penalty of perjury under the Laws of the United States of America, and under the Laws of the State of Illinois that the foregoing statements are true and accurate.

**ANSWER:**    Defendants deny the allegations contained in paragraph 66 of Plaintiff's Verified First Amended Complaint.

67.    Plaintiff Brown further declares under penalty of perjury that the attached

documents cited as exhibits are genuine copies of the official public records which they purport

to be.

**ANSWER:**    Defendants admit that the exhibits attached to the complaint are genuine copies of
public records.

## COUNT I

### Section 1983 Monell Claim Against Defendant Village of Romeoville
### And Against Defendant Barto For Failure to Properly Train,
### Supervise, Control and Discipline the Individual Defendant Police Officers

1 - 67.    Plaintiff Brown repeats and realleges paragraphs 1 - 67 of his verified first

amended complaint as though fully set forth as paragraphs 1 - 67 and made paragraph 68 of

Count I of his verified first amended complaint.

**ANSWER:**    Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as
paragraphs 1 through 67 of this Count I.  Therefore, the Defendants reallege and
incorporate their answers to paragraphs 1 through 67 as their answers to
paragraphs 1 through 67 of this Count I.

69.    [Sic] The Constitutional violations detailed above were only possible for the

individual defendant police officers and record supervisor to commit because of the customs,

policies, and practices of the Village of Romeoville, whereby the VILLAGE, acting through the

Village of Romeoville Police Department, and Records Department failed utterly to properly

train, supervise, control and discipline the individual defendant police officers and the defendant

records supervisor.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 69 of Plaintiff's
Verified First Amended Complaint.

23

70.    These failure include (1) failure to take any steps to discipline, supervisor or control the individual defendant police officers, and record supervisor, thus maintaining an atmosphere and climate where constitutional violations are not punished or prosecuted, encouraging police officers and the record supervisor to violate rather than respect the constitutional rights of citizens, particularly Plaintiff Brown; (2) failure to track, notice, act upon, or correct patterns of constitutional abuse by police officers with multiple complaints lodged against them, and failure to tract, notice, act upon or correct patterns of abuse of judicial proceedings by police officers whose arrestees received a nolle prosequi or acquittal from the charged criminal and/or local ordinance violation offenses, thus encouraging a climate of constitutional abuse; and (3) failiure [sic] to instruct its police officers in what type of conduct constitutes infringement upon a citizens' rights guaranteed under the 4th, 8th & 14th Amendments of the Constitution of the United States and rights guaranteed under Article I Section(s) 2 & 6 of the Constitution of the State of Illinois, and failure to properly instruct its police officers in what constitutes conspiracy to interfere with rights, class and racial base discrimination, defamation of character, intimidation, oppression, malicious prosecution, abuse of process, and negligence and, as such, is tantamount to a violation of Title 42 U.S.C. Section 1983.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 70 of Plaintiff's Verified First Amended Complaint.

71.    In the alternative, said conduct on the part of defendant Village was, at all times relevant hereto, consistent with, and in accordance with the directives of its Chief of Police who

is vested with final policy-making and decision-making authority, and as such, is tantamount to a violation of Title 42 U.S.C. Section 1983.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 71 of Plaintiff's Verified First Amended Complaint.

72.    Moreover, said conduct on the part of the individual defendant police officers was pursuant to the decision and conduct of defendant Village of Romeoville which having had actual or constructive knowledge that defendant Village's own constitutional injuries upon citizens like Plaintiff Brown created the atmosphere for defendant Village's duly appointed and sworn police officers to engage in conduct that posed pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff Brown. Defendant Village of Romeoville response to that knowledge was so inadequate as to show a tacit authorization of the alleged offensive practices, and, as such, is tantamount to a violation of Title 42 U.S.C. Section 1983.

**ANSWER:**    Defendants deny the allegations contained in Count I, paragraph 72 of Plaintiff's Verified First Amended Complaint.

73.    As a direct and proximate result of the constitutional abuses and discriminatory treatment, Plaintiff Brown was injured, including being unreasonable [sic] searched, falsely arrested, involuntarily detained, falsely accused of committing a local ordinance violation which never occurred, having his vehicle unreasonable searched and unwarrantly impounded and towed, and suffered aggravated pain to his pre-existing physical injury, and was wrongfully subjected to arbitrary and carpicuous [sic] prosecution proceedings, and was deprive of being informed of his Miranda rights, and  was deprived of his right to be afforded an equal opportunity to make a contract to purchase available public information requested under the State of Illinois Freedom of Information Act, all to his damage.

25

**ANSWER:**     Defendants deny the allegations contained in Count I, paragraph 73 of Plaintiff's Verified First Amended Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in the favor and allow for the costs of defending this lawsuit.

## COUNT II

### Section 1983 and Fourth Amendment Search & Seizure Violation

### (THE TWO INDIVIDUAL DEFENDANT POLICE OFFICERS)

1 - 5, 7, 8, 10-24, 29, 30, 34-37, 44, 50-52, 54, 55, 59, 60, 62, 66 & 67.  Plaintiff Brown repeats and realleges paragraphs 1 - 5, 7, 8, 10-24, 29, 30, 34-37, 44, 50-52, 54, 55, 59, 60, 62, 66 & 67 as though fully set forth as paragraphs 1 - 5, 7, 8, 10-24, 29, 30, 34-37, 44, 50-52, 54, 55, 59, 60, 62, 66 & 67 of his verified first amended complaint and made paragraph 74 of Count II of his verified first amended complaint.

**ANSWER:**     Plaintiff realleges and incorporates by reference paragraphs 1 - 5, 7, 8, 10-24, 29, 30, 34-37, 44, 50-52, 54, 55, 59, 60, 62, 66 & 67 of this Count II.  Therefore, the Defendants reallege and incorporate their answers to paragraphs 1 - 5, 7, 8, 10-24, 29, 30, 34-37, 44, 50-52, 54, 55, 59, 60, 62, 66 & 67 as their answers to paragraphs 1 - 5, 7, 8, 10-24, 29, 30, 34-37, 44, 50-52, 54, 55, 59, 60, 62, 66 & 67 of this Count II.

75.     The stop, questioning, arrest, search and detention of Plaintiff Brown's person, by the two (2) individual defendant police officers, described above was in violation of Title 42 U.S.C. Section 1983 et seq., and Plaintiff Brown's right to be free of unreasonable searches and deprivation of liberty under the Fourth Amendment of the Constitution of the United States, in that there was no probable cause or lawful justification for the two (2) individual defendant police officers either to stop, or to question, or to search, or to arrest and detain Plaintiff Brown.

26

**ANSWER:**   Defendants deny the allegations contained in Count II, paragraph 75 of Plaintiff's Verified First Amended Complaint.

76.    As a direct and proximate result of the foregoing, Plaintiff Brown was unlawfully searched and seized, and involuntarily detained for an extensive amount of time at defendant Village of Romeoville Police Station, and suffered temporary loss of $100.00 paid in the form of a Cash Bond, and suffer great mental anguish and worriment of mind, and was deprived of his federal and state constitutional rights as described above, all to his damage.

**ANSWER:**   Defendants deny the allegations contained in Count II, paragraph 76 of Plaintiff's Verified First Amended Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in the favor and allow for the costs of defending this lawsuit.

### COUNT III

### Section 1983 and Fourth Amendment Search & Seizure Violation

### (THE TWO INDIVIDUAL DEFENDANT POLICE OFFICERS)

1 - 4, 7, 8, 10, 11, 25-28, 38-43, 53, 56, 57, 59, 62, 66 & 67.  Plaintiff Brown repeats and realleges paragraphs 1 - 4, 7, 8, 10, 11, 25-28, 38-43, 53, 56, 57, 59, 62, 66 & 67 as though fully set forth as paragraphs 1 - 4, 7, 8, 10, 11, 25-28, 38-43, 53, 56, 57, 59, 62, 66 & 67 and made paragraph 77 of Count III of his verified first amended complaint.

**ANSWER:**   Plaintiff realleges and incorporates by reference paragraphs 1 - 4, 7, 8, 10, 11, 25-28, 38-43, 53, 56, 57, 59, 62, 66 & 67 of this Count III.  Therefore, the Defendants reallege and incorporate their answers to paragraphs 1 - 4, 7, 8, 10, 11, 25-28, 38-43, 53, 56, 57, 59, 62, 66 & 67 as their answers to paragraphs 1 - 4, 7, 8, 10, 11, 25-28, 38-43, 53, 56, 57, 59, 62, 66 & 67 of this Count III.

78.    The search, impounding and towing of Plaintiff Brown's vehicle described above was in violation of Title 42 U.S.C. Section 1983 et seq.,  Plaintiff Brown's right to have his personal property to be free of unreasonable search and seizure under the 4th Amendment of the Constitution of the United States of America and under Article I Section 6 of the Constitution of the State of Illinois, in that there was no probable cause of other lawful justification for the search, impounding and towing of Plaintiff Brown's vehicle, and, as such, is tantamount to a violation of Title 42 U.S.C. Section 1983 et seq.

**ANSWER:**    Defendants deny the allegations contained in Count III, paragraph 78 of Plaintiff's Verified First Amended Complaint.

79.    As a direct and proximate result of the foregoing, Plaintiff Brown's vehicle was unlawfully searched and seized, and Plaintiff Brown suffers the continued loss of $400.00 paid in the form of the Administrative Towing Fees, and was deprived of his federal and state constitutional rights as described above, all to his damage.

**ANSWER:**    Defendants deny the allegations contained in Count III, paragraph 79 of Plaintiff's Verified First Amended Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in the favor and allow for the costs of defending this lawsuit.

## COUNT IV

### Section 1983 and Eighth Amendment Excessive Bail Violation

### (POLICE OFFICER D. ZAKULA JR. Star No 374)

Defendants neither admit nor deny the allegations of Count IV because Count IV is the subject of a motion to dismiss.

## COUNT V

### Section 1985(3) Conspiracy To Intimidate And Oppress And
### Fourteenth Amendment Equal Protection Of The Laws Claim

### (THE TWO INDIVIDUAL DEFENDANT POLICE OFFICERS)

Defendants neither admit nor deny the allegations of Count V because Count V is the subject of a motion to dismiss.

## COUNT VI

### Section 1981(a) Discrimination Claim

### (DEFENDANT K. SHOWERS)

Defendants neither admit nor deny the allegations of Count VI because Count VI is the subject of a motion to dismiss.

## COUNT VII

### Section 1983 - Abuse of Process Claim

### (THE TWO INDIVIDUAL DEFENDANT POLICE OFFICERS)

Defendants neither admit nor deny the allegations of Count VII because Count VII is the subject of a motion to dismiss.

## COUNT VIII

### False Arrest - State Law Claim Against Village of Romeoville
### and the Two Individual Defendant Police Officers

1 - 5, 7, 8, 11, 18-24, 30, 34-36, 44, 50-52, 54, 55, 59, 60, 66 & 67.  Plaintiff Brown repeats and realleges paragraphs 1 - 5, 7, 8, 11, 18-24, 30, 34-36, 44, 50-52, 54, 55, 59, 60, 66 & 67 as though fully set forth as paragraphs 1 - 5, 7, 8, 11, 18-24, 30, 34-36, 44, 50-52, 54, 55, 59,

60, 66 & 67 of his verified first amended complaint and made paragraph 94 of Count VIII of his

verified first amended complaint.

**ANSWER:**    Plaintiff realleges and incorporates by reference paragraphs 1 - 5, 7, 8, 11, 18-24, 30, 34-36, 44, 50-52, 54, 55, 59, 60, 66 & 67 of this Count VIII. Therefore, the Defendants reallege and incorporate their answers to paragraphs 1 - 5, 7, 8, 11, 18-24, 30, 34-36, 44, 50-52, 54, 55, 59, 60, 66 & 67 as their answers to paragraphs 1 - 5, 7, 8, 11, 18-24, 30, 34-36, 44, 50-52, 54, 55, 59, 60, 66 & 67 of this Count VIII.

95.    By participating in the above-described conspiracy, the two individual defendant

police officers intentionally and knowingly sought out to, and in fact falsely arrested Plaintiff

Brown for which there was no probably cause.

**ANSWER:**    Defendants deny the allegations contained in Count VIII, paragraph 95 of Plaintiff's Verified First Amended Complaint.

96.    Defendant Village is sued in this count pursuant to the doctrine of respondeat

superior, in that the two individual defendant police officers performed their actions complained

of while on duty and in the employ of defendant Village of Romeoville Police Department, and

was acting within the scope of this employment.

**ANSWER:**    Defendants admit the allegations contained in Count VIII, paragraph 96 of Plaintiff's Verified First Amended Complaint.

97.    As a direct and proximate result of these constitutional violations, Plaintiff Brown

was damaged, including the value of his loss liberty, and the temporary loss of $100.00 of his

money posted as a cash bond, and suffer great mental anguish and worriment of mind, all to his

damage.

**ANSWER:**    Defendants deny the allegations contained in Count VIII, paragraph 97 of Plaintiff's Verified First Amended Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in the favor and allow for the costs of defending this lawsuit.

## COUNT IX

### False Imprisonment - State Law Claim Against Village of Romeoville and the Two Individual Defendant Police Officers

Defendants neither admit nor deny the allegations of Count IX because Count IX is the subject of a motion to dismiss.

## COUNT X

### Malicious Prosecution - State Law Claim Against Village of Romeoville and the Two Individual Defendant Police Officers

1 - 5, 7, 8, 11, 37, 44, 50, 51, 54, 58-60, 66 & 67.  Plaintiff Brown repeats and realleges paragraphs 1 - 5, 7, 8, 11, 37, 44, 50, 51, 54, 58-60, 66 & 67 as though fully set forth as paragraphs 1 - 5, 7, 8, 11, 37, 44, 50, 51, 54, 58-60, 66 & 67 of his verified first amended complaint and made paragraph 102 of Count X of his verified first amended complaint.

**ANSWER:**    Plaintiff realleges and incorporates by reference paragraphs 1 - 5, 7, 8, 11, 37, 44, 50, 51, 54, 58-60, 66 & 67 of this Count X.  Therefore, the Defendants reallege and incorporate their answers to paragraphs 1 - 5, 7, 8, 11, 37, 44, 50, 51, 54, 58-60, 66 & 67 as their answers to paragraphs 1 - 5, 7, 8, 11, 37, 44, 50, 51, 54, 58-60, 66 & 67 of this Count X.

103.    By participating in the above-described conspiracy, the two individual defendant police officers knowingly and intentionally sought to and did in fact cause prosecution proceedings to be commenced against Plaintiff Brown on the false ordinance violation charge of DISORDERLY CONDUCT, for which there was no probably cause.

31

**ANSWER:**    Defendants deny the allegations contained in Count X, paragraph 103 of
Plaintiff's Verified First Amended Complaint.

104.    As detailed above, the attempted prosecution of the ordinance violation offense of

DISORDERLY CONDUCT has been wholly terminated and determined in favor of Plaintiff

Brown indicative of his innocence.

**ANSWER:**    Defendants deny the allegations contained in Count X, paragraph 104 of
Plaintiff's Verified First Amended Complaint.

105.    As a direct and proximate result of these constitutional and statutory violations,

Plaintiff Brown was damaged, including the loss of his personal liberty, suffered being subjected

to arbitrary and capricious prosecution proceedings, suffered loss of a substantial portion of his

personal financial resources to defend against the false charge, suffered great mental anguish and

worriment of mind, all to his damage.

**ANSWER:**    Defendants deny the allegations contained in Count X, paragraph 105 of
Plaintiff's Verified First Amended Complaint.

106.    Defendant Village of Romeoville is sued in this count pursuant to the doctrine of

respondeat superior, in that the two individual defendant police officers performed the actions

complained of while on duty and in the employ of defendant Village of Romeoville Police

Department, and while acting within the scope of this employment.

**ANSWER:**    Defendants deny the allegations contained in Count X, paragraph 106 of
Plaintiff's Verified First Amended Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment

whatsoever against them, and pray this Honorable Court will enter judgment in the favor and

allow for the costs of defending this lawsuit.

## COUNT XI

**Intentional Infliction of Emotional Distress - State Law Claim Against Defendant
Village of Romeoville and the Two Individual Defendant Police Officers**

Defendants neither admit nor deny the allegations of Count XI because Count XI is the subject of a motion to dismiss.

## COUNT XII

**Defamation of Character - State Law Claim Against
Defendant Village of Romeoville and the Individual Defendant Police Officers**

Defendants neither admit nor deny the allegations of Count XII because Count XII is the subject of a motion to dismiss.

## COUNT XIII

**Negligence - State Law Claim Against Defendant
Village of Romeoville and Defendant Barlo**

Defendants neither admit nor deny the allegations of Count XIII because Count XIII is the subject of a motion to dismiss.

## JURY DEMAND

Defendant demands trial by jury.

## <u>RESERVATIONS OF RIGHTS</u>

Plaintiff Brown's investigation is ongoing, Brown reserves the right to amend this

verified first amended complaint to include additional claims and include additional defendants

should his investigation so merit.

**<u>ANSWER:</u>**     Defendants deny the allegations contained in this Reservation of Rights paragraph
of Plaintiff's Verified First Amended Complaint.


s/<u>JASON W. ROSE</u>
    Jason W. Rose, Bar Number 06208130
    Michael D. Bersani, Bar Number 06200897
    Attorney for Defendants, Village of Romeoville,
    Daniel Zakula and  James Sloup
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156
    Phone:  630-773-4774
    Fax:  630-773-4851
    jrose@hcbattorneys.com
    mbersani@hcbattorneys.com

**FIRST AFFIRMATIVE DEFENSE - COUNTS II & III**
**QUALIFIED IMMUNITY DEFENDANTS ZAKULA & SLOUP**

NOW COME the Defendants, DANIEL ZAKULA and JAMES SLOUP, by and through one of their attorneys, JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Verified First Amended Complaint, states as follows:

Defendants are immune from liability under the doctrine of qualified immunity inasmuch as Defendants did not violate any clearly established constitution rights of which a reasonable persona would have known.

WHEREFORE the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

s/JASON W. ROSE
Jason W. Rose, Bar Number 06208130
Michael D. Bersani, Bar Number 06200897
Attorney for Defendants, Village of Romeoville,
Daniel Zakula and James Sloup
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone:  630-773-4774
Fax:  630-773-4851
jrose@hcbattorneys.com
mbersani@hcbattorneys.com

35

## SECOND AFFIRMATIVE DEFENSE - COUNTS VIII & X
## TORT IMMUNITY ACT

NOW COMES the Defendants, DANIEL ZAKULA, JAMES SLOUP and VILLAGE OF ROMEOVILLE, by and through one of their attorneys, JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Verified First Amended Complaint, states as follows:

With respect to all of Plaintiff's state law claims, Defendants are immune from liability under the Illinois Tort Immunity Act (745 ILCS 10/1-1/01 *et seq.*), including but not limited to §§ 10/2-102, 2-201, 2-202, 2-204 and 2-208.

WHEREFORE the Defendants deny that Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

s/JASON W. ROSE
Jason W. Rose, Bar Number 06208130
Michael D. Bersani, Bar Number 06200897
Attorney for Defendants, Village of Romeoville,
Daniel Zakula and James Sloup
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
jrose@hcbattorneys.com
mbersani@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WILLIE BROWN,                              )
                                          )
                    Plaintiff,            )
                                          )
        vs.                               )    Case No. 08 CV 1577
                                          )
VILLAGE OF ROMEOVILLE, et al.,            )    Judge James F. Holderman
                                          )    Magistrate Judge Martin C. Ashman
                    Defendants.           )

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2008, I electronically filed the foregoing ***Defendants Village of Romeoville, Daniel Zakula, and James Sloup's Answer to Counts I, II, III, VIII & X of Plaintiff's Verified First Amended Complaint*** with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Postal Service, certified mail, return receipt requested, the document to the following non CM/ECF system participant:

        Willie Brown, *Pro Se*
        601 Theodore Avenue
        Joliet, IL 60435


                        s/JASON W. ROSE
                         Jason W. Rose, Bar Number 06208130
                         Michael D. Bersani, Bar Number 06200897
                         Attorney for Defendants, Village of Romeoville,
                         Daniel Zakula and James Sloup
                         HERVAS, CONDON & BERSANI, P.C.
                         333 Pierce Road, Suite 195
                         Itasca, IL 60143-3156
                         Phone:  630-773-4774
                         Fax:  630-773-4851
                         jrose@hcbattorneys.com
                         mbersani@hcbattorneys.com

37