IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
AUG 18 2008 TC
AUG 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **WILLIE BROWN,** ) | |
| ) | |
| Plaintiff in *Pro se*, ) | |
| ) | CIVIL ACTION NO. |
| - vs - ) | **08 CV 1577** |
| ) | JURY TRIAL DEMANDED |
| **VILLAGE OF ROMEOVILLE,** ) | |
| **ET. AL.,** ) | |
| ) | Judge James F. Holderman |
| Defendants. ) | Magistrate Judge Martin C. Ashman |

### NOTICE OF FILING

TO: HERVAS, CONDON & BERSANI, P.C.
   Attn: Counsels Michael D. Bersani & Jason W. Rose
   333 Pierce Road, Suite 195
   Itasca, Illinois 60143-3156

*PLEASE TAKE NOTICE* that on the 18th day of August, 2008, I caused to be filed with the Clerk of the U.S. District Court for the Northern District of Illinois Eastern Division located at 219 South Dearborn Street, 20th Floor, Chicago 60604, an original plus one (1) copy of Plaintiff's Response To Defendants' Motion To Dismiss Counts IV - VII, IX and XI - XII of Plaintiff's First Amended Complaint. A copy of the foregoing Response is attached hereto and served upon you herewith.

Respectfully submitted

By _____
WILLIE BROWN
Plaintiff in *Pro se*

Willie Brown
601 Theodore Street
Joliet, Illinois 60435
(815) 740-1467

### CERTIFICATION OF SERVICE

The undersigned certifies under penalty of prejury under the Laws of the United States of America that a copy of the foregoing Response was served upon the defendants' attorneys in open court during the scheduled Status Hearing of August 19, 2008.

_____
Willie Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
AUG 1 8 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WILLIE BROWN, | ) |
| Plaintiff in *Pro se*, | ) |
| - vs - | ) CIVIL ACTION NO. |
| | ) **08 CV 1577** |
| VILLAGE OF ROMEOVILLE, ET. AL., | ) JURY TRIAL DEMANDED |
| Defendants. | ) Judge James F. Holderman |
| | ) Magistrate Judge Martin C. Ashman |

*PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
COUNTS IV - VII, IX AND XI - XIII OF PLAINTIFF'S VERIFIED
FIRST AMENDED COMPLAINT*

### INTRODUCTION

The Plaintiff, **WILLIE BROWN** ("Brown") brings forth this response to defendant Village of Romeoville (the "Village"), defendant Andrew Barto ("Barto"), defendant Daniel Zakula ("Zakula"), defendant James Sloup ("Sloup") and defendant Karyn Showers' ("Showers") motion to dismiss counts IV - VII, IX and XI-XIII of plaintiff's verified first amended complaint, *pro se*, seeking to have this Honorable Court issue a order only allowing the dismissal of Count IX of the verified first amended complaint, and seeks to have this court to direct the defendants to submit their required frcp rule 8(b) answer to the verified first amended complaint, within ten (10) days of this court's decision on the defendants' motion to dismiss.

### BACKGROUND

Contrary to the contention set forth at paragraph 1, page 1 of the defendants' motion to dismiss. This action arose out of Plaintiff Brown being accused of, arrested and charged

with allegedly committing the ordinance violation offense of Disorderly Conduct, as well as the unwarrant search, impounding and towing of his vehicle, and the discriminatory act of not being afforded a right to enter into and/or make a contract with defendant Village of Romeoville to purchase available public information sought through the Illinois Freedom of Information Act, and the voluntary dismissal of the Disorderly Conduct charge, in reference to the incident occurring on the 30th day of October, 2007.

On July 18, 2008, with leave of court, Plaintiff Brown timely filed his verified first amended complaint joining defendant Village of Romeoville Police Department Chief of Police, Andrew Barto, as a defendant along with defendants Daniel Zakula, James Sloup and Karyn Showers. The verified first amended complaint consist of seven (7) counts of civil right violation claims alleging violation of Title 42 U.S.C. Section 1983 Deprivation Of Rights under the Fourth and Eighth Amendments, Section 1985(3) Conspiracy To Interfere With Rights under the Fourteenth Amendment and Section 1981(a) Discrimination, Section 1983 -Abuse of Process, and a Section 1983 *Monell* claim, and consist of six (6) counts of state law claims alleging false arrest, false imprisonment, malicious prosecution, defamation of character, intentional infliction of emotional distress, and negligence. In addition to the verified first amended complaint indicating that the two (2) individual defendant police officers, as well as defendant Showers performed their acts complained of while acting in excess of the course and scope of their employment. The verified first amended complaint equally pled that neither prior to, nor during, nor after the two (2) individual defendant police officers executed a full custodial arrest of

2.

Plaintiff Brown, had either one of the two (2) individual defendant police officers inform Plaintiff Brown of his *Miranda* rights.

On or about the 11th day of August, 2008, Plaintiff Brown received the defendants' August 8, 2008 filed motion to dismiss counts IV - VII, IX and XI - XIII of plaintiff's first amended complaint. In addition to the defendants' motion to dismiss neglecting to specify which particular federal rules of civil procedure their motion to dismiss is pursuant to. The motion to dismiss, among other things, alleged that numerous courts have held that the eighth amendment is not violated by the imposition of a relatively nominal bail (Count IV); that the allegations of conspiracy are conclusionary (Count V); that Brown has not made sufficient allegations to support such a claim for abuse of legal process (Count VII); that the state law false imprisonment claim (Count IX) is duplicative of the state law false arrest claim (Count VIII); that there is no contract whatsoever and there are also no factual allegations suggesting that Showers refused to provide Brown with records on account of his race (Count VI); that the conduct alleged by Brown here is not nearly "extreme" or "outrageous" enough to support an IIED claim (Count XI); that under Section 2-107 of the Tort Immunity Act, a local public entity is not liable for any injury caused by any action of its employee that is libelous or slanderous (Count XII); that the defendants are immune from this claim under Section(s) 2-201 and 2-202 of the Tort Immunity Act (Count XIII); and that defendant Chief Barto is not a proper defendant in a *Monell* claim, rather only the municipality is a proper defendant in a *Monell* case (Count I).

3.

Plaintiff Brown contends that based upon the failure on the part of the defendants to specify with particularity which clause under frcp rule 12(b) their motion to dismiss and memorandum of law is pursuant to. Then, Plaintiff Brown request of this court to interpret the defendants' motion to dismiss as being brought forth pursuant to frcp rule 12(b)(6) failure to state a claim upon which relief can be granted.

Plaintiff Brown now addresses the defendants' motion to dismiss counts IV - VII, IX and XI - XIII of plaintiff's verified first amended complaint.

## ARGUMENT

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of claim for relief; it is not a procedure for resolving a contest about the facts or the merit of the case *Peck v. Hoff*, C.A.8th, 1981, 660 F.2d Supp. 371, **citing Wright & Miller;** *Murray v. Amoco Oil Co.*, C.A.5th, 1976, 539 F.2d Supp. 1385; *Jordan v. Bowman Apple Prods. Co.*, D.C.Va. 1990, 728 F.2d Supp. 409. Thus, the provision must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) See vol. 5 Section 1212 - 1226. Furthermore, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kermer*, 404 U.S. 519 (1972) and when reviewing a complaint pursuant to a motion for failure to state a claim upon which relief can be granted, the reviewing court must construe the pleadings liberally and in light most favorable to the plaintiff, accepting all well-pleaded allegations as true *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989); *Dawson v. General Motors*, 977 F.2d 369, 372 (7th Cir. 1992). A motion to dismiss "receives

4.

careful scrutiny and is not often granted." *Loa Chau v. St. Paul Fed. Bank of Saving,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957); *Rothner v. Chicago,* 929 F.2d 297, 302 (7th Cir. 1991) and courts should endeavor to construe *pro se* complaints for protection of civil rights with utmost liberality and without regard to technicalities, but rules do require an unreasonable constuction or gross assumptions *Mahurin v. Moss,* D.C.Mo. 1970, 313 F.Supp 1263.

In their frcp rule 12(b)(6) motion to dismiss, the defendants have not alleged, nor can they show, that plaintiff Brown cannot prevail under any set of facts which could be proven in support of his claims. Instead, the defendants base their motion on challenging the merit of the case, which is not the purpose of a motion brought forth pursuant to frcp rule 12(b)(6).

Under Federal Rules of Civil Procedure 8(a), Plaintiff Brown's verified first amended complaint sufficiently states actionable claims. Civil rights cases, as in all civil litigation requires notice pleading rather than fact pleading Fed.R.Civ.P. 8(a); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 207 U.S. 163, 168 113 S.Ct. 1160 (1993); *Dexter v. Vigo Cty School Corp.,* 26 F.3d 728, 734 (7th Cir.1994); *Perkins v. O'Malley,* 1995 WL 248079, *2 (N.D.Ill. 1995). As such, a complaint is sufficient if it "adequately notifies the defendant of the nature of the cause of action." *Duda v. Bd. of Educ. of Franklin Park Public School Dist. No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998); *Conley,* 355 U.S. at 48, 78 S.Ct. at 103.

Courts in the Seventh Circuit have consistently held that, under Rule 8(a)., "a complaint is not required to allege all, *or any,* of the facts logically entailed by the claim" (emphasis added). *American Nurses' Assoc. v. State of Illinois,* 783 F.2d 716, 727

5.

(7th Cir. 1986); see also, *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Duffy v. Int'l Brotherhood of Elec. Workers, Local No. 134*, 780 F.Supp. 1185, 1188 (N.D.Ill. 1991); *Loa Chua*, 1995 WL 472773, at *2. Given the liberal standard of notice pleading, dismissal for failure to state a claim is likely to be granted only where the complaint shows some bar to relief on its face, or when the complaint's allegations indicate the existence of an affirmative defense." *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417 at *6 (7th Cir. 1994); *Loa Chau*, 1995 WL 472773, at *2. In the matter at bar, such conditions do not exist.

The defendants primarily bases their motion to dismiss on the contentions that Count V Section 1985(3) Conspiracy to Intimidate and Oppress claim is conclusionary, that Count VII Section 1983 Abuse of Process claim does not make sufficient allegation to support such a claim and that the claim is not legally viable, that Count IX state law false imprisonment claim is duplicative of Count VIII false arrest claim, that there is no contract and that there is no factual allegations suggesting that Showers refused to provide records based upon Plaintiff Brown's race to support Count VI Section 1981(a) Discrimination claim, that the conduct of the individual defendant police officers does not rise to a level of being "extreme" and "outrageous" enough to support the Count XI state law IIED claim and that the request for punitive damages be stricken, that numerous courts in various jurisdictions have held that defamation claims cannot be premised on an allegedly false police report, that the individual defendant police officers are immune from Count XIII Negligence claim under Section(s) 2-201 and 2-202 of the Tort Immunity Act, and that defendant Barto, as Chief of Police, is not a proper

6.

defendant in the Count I Section 1983 *Monell* claim, and cites several 7th Circuit, N.D., C.D., S.D., U.S. Supreme Court, Illinois case laws and various Illinois Compiled Statutes to support their argument that Counts IV - VII, IX and XI -XIII of Plaintiff Brown's verified first amended complaint must be dismissed. Even assuming that the allegations of being deprived of constitutionally protected rights are not thoroughly stated, dismissal of Counts IV - VII, IX and XI - XIII is unwarranted and the defendants' reliance on their cited 7th Cir., N.D., C.D., S.D., U.S. Supreme Court, Illinois case laws and their various cited Illinois Compiled Statutes is improper.

It is well-settled in the Seventh Circuit that allegations of the kind in Plaintiff Brown's verified first amended complaint are sufficient. The Seventh Circuit Court of Appeals specifically addressed this issue in *Browlee v. Conine*, 957 F.2d 353 (7th Cir. 1992);

> The Federal Rule of Civil Procedure establish a system of notice pleading rather than fact pleading, so the happenstance that a complaint is "conclusionary" whatever exactly the overused lawyers' cliche means, does not automatically condemn it. All the complaint need to do to withstand a motion to dismiss for failure to state a claim is "outline or adumbrate" a violation of the statute or constitutional provision upon which the plaintiff relies, and connect the violation to the named defendants.

*Browlee*, 957 F.2d at 354 (citation omitted); see also *Bartholet*, 953 F.2d at 1078; *Hamlin*, 95 F.3d at 583; *Alberio*, 122 F.3d at 419. District Courts of the Northern District of Illinois have likewise upheld the liberal standard of notice pleading under Rule 8(a) (see *Pulley v. Proviso Township*, 1996 WL 675782, at 83 (N.D. Ill. 1996) [when considering a motion to dismiss for failure to state a claim, the court must "stretch the imagination" beyond the plain language contained in the complaint]; *U.S.A. v. Hartz Construction Co. Inc.*, 998 WL 422565, at *2 (N.D. Ill. 1998) [legal conclusions

7.

in a complaint are "a proper and intergal part of notice pleading."]. Given the established precedent in this Court and Circuit on the issue at bar, the various case laws cited by the defendants attacking the merits of Counts IV - VII, IX and XI- XIII are of no precedential value when pursuing a motion to dismiss under frcp rule 12(b)(6), and the defendants' citing of those cases to support their frcp rule 12(b)(6) motion to dismiss is improper.

Counts IV and VII's claims of Plaintiff Brown's verified first amended complaint are brought forth pursuant to Title 42 U.S.C. Section 1983 and the Fourth and Eighth Amendments of the Constitution of the United States.

Section 1983, the section of Title 42 of the United States Code affording a citizen a right to relief against acts of official misconduct and deprivation of rights, provides:

> Every person who, under color of any statute, ordinance regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subject, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. For the purpose of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. **Title 42 U.S.C. Section 1983**

It is well-established that, "to state a claim under Section 1983, plainiff must allege violation of rights secured by the Constitution of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Akins*, N.C. 1988, 108 S.Ct. 2250, 487 U.S. 42, 101 L.Ed.2d 40; *Mackey v. Cleveland State University*, N.D. Ohio 1993, 837 F.Supp. 1396; *B.M.H. by C.B. v. School Bd of City of Chesapeak, Va.*, E.D.Va. 1993, 833 F.Supp 560.

8.

Upon an assiduous review of the statement of claims set forth at page(s) 23 & 28 of the verified first amended complaint. This court will see that Counts IV & VII's statement of claims sufficiently set forth all of the essential elements necessary to establish a cause of action under Title 42 U.S.C. Section 1983 upon which relief can be granted. Additionally, the statement of claims adequately complies with the pleading requirement of frcp rule 8(a), and the re-alleged and incorporated paragraphs provides all of the operative facts, allegations and documentary evidence necessary to form the basis of the Count IV & VII Section 1983 claims, and consequently, Plaintiff Brown may recover for acts under Counts IV & VII Section 1983 claims. Therefore, Counts IV & VII Section 1983 claims of the verified first amended complaint are entitled to prevail as a matter of law.

Count V's claim of Plaintiff Brown's verified first amended complaint is brought forth pursuant to Title 42 U.S.C. Section 1985(3) and the Fourteenth Amendment of the Constitution of the United States.

Section 1985(3), the section of Title 42 of the United States Codes affording a citizen the right to relief for injuiries sustained from conspiracies to interference with rights, in relevant part, provides:
> If two or more persons in any State or Territory conspire, . . . . . . .
> for the purpose of depriving, either directly or indirectly, any person
> or class of persons of the equal protection of the laws, or of equal
> privileges and immunities under the laws; . . . . . . . ., if one or more
> persons engage therein do, or cause to be done, any act in furtherance
> of the object of such conspiracy, whereby another is injured in his
> person or property, or deprived of having and exercising any right or
> privileges of a citizen of the United States, the party so injured or
> deprived may have an action for recovery of damages, occasioned by
> such injury or deprivation against any one or more of the conspirators.
> **Title 42 U.S.C. Section 1985**

9.

In order to recover for conspiracy to deprive plaintiff of civil rights, plaintiff is required to allege that the purpose of the conspiracy was to deprive plaintiff of equal protection, privileges and immunities, or to obstruct course of justice, that defendant intended to discriminate against plaintiff, that defendant acted under color of state law and authority and that the acts done in furtherance of the conspiracy resulted in injury to plaintiff's person or property or prevented him from exercising a right or privilege of a United States citizen. *Sykes v. State of Cal. (Dept. of Motor Vehicles),* C.A.9 (Cal.) 1974, 497 F.2d 197; On proof that there was no legal basis for the arrest of plaintiffs, the filing of charges against them and their imprisonment, Federal Civil Rights Act authorized relief against each police officer and state official who, acting under color of state law, was responsible for those wrongs; also any conspiracy to commit such wrongs was actionable. *Hampton v. City of Chicago, Cook County, Illinois,* C.A.7 (Ill.) 1973, 484 F 2d 602, certiorari denied 94 S.Ct. 1413, 1414, 415 U.S. 917, 39 L.Ed. 2d 471.

Upon an assiduous review of the statement of claim set forth at pages 24 & 25 of the verified first amended complaint. This court will see that Count V's statement of claim sufficiently set forth all of the essential elements necessary to properly establish a cause of action under Title 42 U.S.C. Section 1985(3) upon which relief can be granted. Additionally, Count V's statement of claim adequately complies with the pleading requirements of frcp rule 8(a), and the re-alleged and incorporated paragraphs provides the operative facts, allegations and documentary evidence necessary to form the basis for the Count V Section 1985(3) claim, and consequently, Plaintiff Brown may recover for the acts under Count V Section 1985(3) claim. Therefore, Count V Section 1985(3)

10.

claim set forth in the verified first amended complaint, is entitled to prevail as a matter of law.

Count VI's claim of Plaintiff Brown's verified first amended complaint is brought forth pursuant to Title 42 U.S.C. Section 1981(a).

Section 1981(a), the section of Title 42 of the United States Codes affording a racial minority citizens with a right to not be subjected to discrimination in the making of contracts, in relevant part, provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . . . . . . . . . . . . . . . as is enjoyed by white citizens.
> **Title 42 U.S.C. Section 1981(a)**

To state a Section 1981 claim against individual defendant, plaintiff must allege membership in racial minority, defendant's intent to discriminate on the basis of race and discrimination concerning one or more statutory enumerated activities *Mohr v. Chicago School Reform Bd. of Trustees of Bd. of Educ. of City of Chicago*, (N.D.Ill. 1998 993 F.Supp 1155; In order to demonstrate a violation of this section, it is only necessary that the plaintiff show that they were unlawfully denied, by the defendants, one of the rights protected by this section. *Vietnamese Fishermen's Ass'n v. Knights of Ku Klux Klan*, (D.C.Tex. 1981), 518 F.Supp.993.

In this present matter, the two (2) Illinois Freedom of Information Act forms submitted to defendant Showers represented the instrument Plaintiff Brown used in his effort to enter into and/or make a contract with defendant Village of Romeoville, upon which Plaintiff Brown agreed to pay the required schedule of fees to be granted the right to purchase the requested available public information.

11.

Upon an assiduous review of the statement of claim set forth at page 26 of the verified first amended complaint. This court will see that Count VI's statement of claim sufficiently set forth all of the essential elements necessary to properly establish a cause of action under Title 42 U.S.C. Section 1981(a) upon which relief can be granted. Additionally, Count's VI statement of claim adequately complies with the pleading requirements of frcp rule 8(a), and the re-alleged and incorporated paragraphs provides the operative facts, allegations and documentary evidence to form the basis for the Count VI Section 1981(a) claim, and consequently, Plaintiff Brown's Count VI Section 1981(a) discrimination claim, is entitled to prevail as a matter of law.

Likewise, upon an assiduous review of the statement of claims set forth at pages 28, 29, 33, 34, 35, 36 & 37 of the verified first amended complaint. This court will see that Count VII Section 1983 - Abuse of Process claim, as well as the Count XI IIED - State Law claim, and the Count XII Defamation of Character - State Law claim, and the Count XIII Negligence - State Law claim, sufficiently set forth all of the essential elements necessary to properly establish viable causes of action upon which relief can be granted. Additionally Counts VII & XI - XII's statement of claims adequately complies with the pleading requirements of frcp rule 8(a), and their re-alleged and incorporated paragraphs provides the operative facts, allegations and documentary evidence to form the basis for the Count VII Section 1983 - Abuse of Process claim and the Counts XI - XIII - State Law claims, and consequently, Plaintiff Brown may recover for the acts under Counts VII Section 1983 Abuse of Process claim, and may recover for acts under Counts XI - XIII - State Law claims.

This court should take judicial notice that the Tort Immunity Act must be raised as an affirmative defense <u>McCall v. Chicago Bd of Educ.</u> (1992, 1st Dist) 228 Ill App 3d 803, 170 Ill Dec 732, 593 NE2d 621, app den 146 Ill 2d 631, 176 Ill Dec 803, 602 NE2d 457. The defendants have improperly raised the affirmative defense of the Tort Immunity Act in support of their motion to dismiss Counts VII, XII & XIII. Affirmative Defenses are only allowed to be raised under frcp rule 8(c), in conjunction with the filing of a frcp rule 8(b) answer.

Plaintiff does not dispute the defendants' contentions in reference to Count VIII False Arrest & Count IX False Imprisonment - State law claims.

Contrary to the contention set forth at paragraph 2, sentence 3, at page 14 of the defendants' motion to dismiss. Plaintiff Brown has clearly sued defendant Barto in his individual and personal capacity. Therefore, the Count I Section 1983 *Monell* claim against defendant Barto is not redundant of the claim against defendant Village of Romeoville, and, as such, making defendant Barto a proper defendant in the Count I Section 1983 *Monell* claim.

Furthermore, regardless of whether the allegations contained in the verified first amended complaint are conclusory, the statement of claims set forth in Counts IV - VII IX and XI - XIII adequately notifies the defendants of the nature of Plaintiff Brown's claims for relief - i.e., when Plaintiff Brown was lawfully operating his vehicle, the two individual defendant police officers wrongfully stopped, questioned, searched, arrested and charged him with allegedly committing the ordinance offense of Disorderly Conduct and imposed an excessive bail upon him and unwarrantly search, impounded and towed

13.

his vehicle and wrongfully imposed the $100.00 excessive bail bond on him and the unwarrant $400.00 Administrative Tow Fee, and caused Plaintiff Brown to suffer aggravated pain to a pre-existing physical injury while transporting him to defendant Village of Romeoville Police Station, and acted out various overt acts performed pursuant to and in the furtherance of the alleged victims' scheme to deprive him of his property and subjected him to arbitrary and capricious prosecution procedings and misused the proper use of the Illinois Judiciary to intimidate and oppress him in exercising his rights under the 4th and 14th Amendments, and lowered the creditability and respectability of his public reputation and character within the estimation of the rightthinking mind of Will County Associate Judge Raymond Nash; and when Plaintiff Brown sought to enter into and/or make a contract with defendant Village of Romeoville to purchase available public information sought under the Illinois Freedom of Information Act, defendant Showers discriminated against affording him with the same right as accorded to "white citizens" and obstructed his effort to acquire essential information to prepare his defense against the false Disorderly Conduct charge, and the individual defendant police officers and defendant Barto failed to fullfill their legal duty owed to Plaintiff Brown under defendant Village of Romeoville Police Department's General Order 4-605, particularity that of Appendix A and under Section G. Waiver Of Tow, to prevent the unwarrant impounding and towing of his properly registered and fully insured vehicle.

    Assuming, *arguendo,* that Counts IV - VII, IX and XI - XII's statement of claims does not adequately notify the defendants of the nature of Plaintiff Brown's claims, the verified first amended complaint still passes muster under frcp rule 8(a). Plaintiff Brown

14.

has attached to his verified first amended complaint the Times Weekly Newspaper's investigatory stories detailing the pattern and custom of defendant Village's allowance of its Police Department Patrol Officers to engage in acts of constitutional abuse and defendant Barto's failure to ensure the proper training, supervision, control and discipline of various members in its Police Department who engage in acts of constitutional abuse, and a copy of defendant Village of Romeoville Police Department's General Order 4-605 and General Order 3-901, the Bail Bond, the Tow Report and Heartbreak Towing Services Road Service's Invoice, Operation Lieutenant Mark Turvey's written notice of November 6, 2007, defendant Andrew J. Barto's written notice of November 21, 2007, defendant Showers' written notice of November 7, 2007, and the Police Incident Report, Narrative/Property Continuation, the Romeoville Police Department Arrest Record, and the Ordinance Violation Complaint document (See Exhibits 1 - 11 attached to Plaintiff Brown's verified first amended complaint), relative to this matter. These documents provide sufficient background concerning the allegations supportive of Counts IV - VII, IX and XI - XIII of the verified first amended complaint and of Plaintiff Brown having his rights under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States violated by said defendants. Exhibits are properly considered to be part of a complaint in determining whether the complaint states a viable claim of relief. *Adams v. Adkins*, 1998 WL 111632, at *3 (N.D.Ill. 1998).

## CONCLUSION

It is the movant's burden to establish the legal insufficiency of the complaint. *Yeksigian v. Nappi*, 900 F.2d 101, 104-5 (7th Cir. 1990); *Gomez v. Ill. State Board of Educ.*, 811 F.2d 1030 1039-40 (7th Cir. 1987) ("the defendant must overcome a

15.

high burden to prevail under 12(b)(6)"). Under the liberal pleading requirements of frcp rule 8(a), neither can the defendants establish that they had insufficient notice of the nature of Plaintiff Brown's claims in this manner, nor can the defendants claim that Plaintiff Brown was not subject to excessive bail, nor claim that Plaintiff Brown was not conspired against, nor claim that the two individual defendant police officers did not perform any overt acts in furtherance of the alleged victims' scheme to improperly use the proper use of defendant Village of Romeoville Police Department and the Illinois Judiciary to deprive Plaintiff Brown of his property and to intimidate and oppress Plaintiff Brown in exercising his rights under the 4th & 14th Amendments of the Constitution of the United States, nor claim that defendant Showers did not discriminate against affording Plaintiff Brown with an equal right to make and/or enter into a contract with defendant Village to purchase available public information sought under the Illinois Freedom of Information Act based upon his racial nationality, nor claim that the two individual defendant police officers' conduct toward Plaintiff Brown was not "extreme" and "outrageous", nor claim that the creditability and respectability of Plaintiff Brown's public reputation and character was not lowered within the estimation of the rightthinking mind of Will County Associate Judge Raymond Nash, nor claim that the two individual defendant police officers did not act negligently when they failed to fullfill their legal duty owed to Plaintiff Brown when they deprived him of the full and equal benefit of General Order 4-605 Appendix A and General Order 4-605 Sections F & G to prevent the unwarrant impounding and towing of his vehicle, nor can the defendants claim that defendant Barto, being sued in his individual and personal capacity, is not a proper

16.

defendant in the Count I Section 1983 *Monell* claim to bar Plaintiff Brown from the right to bring forth Counts IV - VII, IX and XI - XIII of this action.

Contrary to the assertions in the defendants' motion to dismiss, Plaintiff Brown's American Civil Rights under Title 42 U.S.C. Section(s) 1983, 1985(3) and 1981(a), were violated and Plaintiff Brown suffered several personal injuries. In addition, the exhibits attached to Plaintiff Brown's verified first amended complaint clearly "outline and adumbrate" the nature of Plaintiff Brown's claims. Further, given defendant Village of Romeoville and defendant Barto's condoning constitutional abuse by members of its Police Department (See "Exhibit 11" attached to the verified first amended complaint), the defendants cannot in good faith profess ignorance of the nature of Plaintiff Brown's claims in the matter at bar. Therefore, the fairest and just decision for this Honorable Court to render, as a Guardian of the Law, would be that of issuing a order only allowing the dismissal of Count IX of the verified first amended complaint and direct the defendants to submit their required frcp rule 8(b) answer to the verified first amended complaint, within ten (10) days of this court's decision on the defendants' motion to dismiss. Allowing the requested relief sought in this response will serve the ends of justice and will not prejudice any party.

*WHEREFORE*, the Plaintiff, **WILLIE BROWN** ("Brown") respectfully request of this Honorable Court to render a decision consistent with the argument set forth in this response to the defendants' motion to dismiss.

*Respectfully submitted*

By /s/ Willie Brown
       **WILLIE BROWN**
       **Plaintiff in *Pro se***

Willie Brown
601 Theodore Street
Joliet, Illinois 60435
(815) 740-1467

18.