IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 08 CV 1577 |
| | ) | |
| VILLAGE OF ROMEOVILLE, et al., | ) | Judge James F. Holderman |
| | ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS COUNTS IV-VII, IX
AND XI-XIII OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

**INTRODUCTION**

On August 18, 2008, Plaintiff Willie Brown filed a response opposing Defendants' motion to dismiss Counts IV-VII, IX and XI-XIII of the First Amended Complaint ("FAC"). Brown has acknowledged in his response that his false imprisonment claim (Count IX) should be dismissed. Otherwise, Brown fails to address the various substantive arguments made by Defendants in their motion.

Brown reveals a fundamental misunderstanding of Defendants' arguments in his response. Specifically, Brown spends the bulk of his lengthy response brief explaining that federal courts require only notice pleading, not fact pleading, and that the FAC includes sufficient allegations to put Defendants on notice of the claims against them. While Brown is correct about notice pleading standards, Brown does not address in his response the numerous arguments made in Defendants' motion to dismiss regarding why, pursuant to Rule 12(b)(6) of the Federal Rules, the FAC fails to state a claim upon which relief can be granted.

**ARGUMENT**

I. **PLAINTIFF'S EXCESSIVE BAIL CLAIM SHOULD BE DISMISSED**

With respect to Brown's excessive bail claim (Count IV), numerous courts have held that the Eighth Amendment is not violated by the imposition of a relatively nominal bail, such as the $100 bail set by Romeoville.  See Defendants' memorandum of law in support of motion to dismiss, p. 3.  Brown has not rebutted this simple point nor does he attempt to distinguish any of the cases cited by Defendants in his response.  Accordingly, Count IV should be dismissed.

II. **PLAINTIFF'S CONSPIRACY CLAIM SHOULD BE DISMISSED**

With respect to Brown's conspiracy claim (Count V), Brown argues that his allegations are sufficient even if "conclusionary."  Pl's Response, p. 7, citing Browlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992).  While conclusionary allegations don't "automatically condemn" a complaint, see Browlee supra, the Supreme Court recently made clear in Bell Atlantic v. Twombley, 127 S.Ct. 1955 (2007), that a plaintiff must provide enough factual matter to show that his claim is "plausible."  In this case, Brown has not provided any factual allegations to support his conspiracy claim other than his completely conclusory assertion that Defendant officers Zakula and Sloup conspired with each other to arrest and prosecute Brown.  Moreover, Brown does not respond to Defendants' other argument, namely that his conspiracy claim is barred by the intra-corporate conspiracy doctrine, which holds that a conspiracy cannot exist between members of the same entity. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 632 (7th Cir. 1999).  Since Defendants Zakula and Sloup are both Romeoville police officers, the intra-corporate conspiracy doctrine requires the dismissal of Count V.

### III. PLAINTIFF'S FEDERAL FOIA CLAIM SHOULD BE DISMISSED

The only count in the FAC against Records Supervisor Karyn Showers is Count VI, in which Brown alleges that Showers wrongfully denied Brown's requests for documentation under the Freedom of Information Act ("FOIA"). Brown also claims in Count VI that Showers' failure to provide documents was discriminatory, purportedly in violation of 42 U.S.C. 1981(a). However, § 1981 prohibits racial discrimination when making and enforcing government contracts; in this case, there is no contract whatsoever.[1] In addition, there are no factual allegations in the FAC supporting Brown's conclusionary assertion that Showers refused to provide Brown with records on account of his race. Accordingly, Count VI does not pass muster under <u>Twombley</u>, <u>supra</u>. Lastly, a failure to comply with a state FOIA request does not create a constitutional violation, under either § 1981(a) or any other federal provision. <u>See</u> Defendants' memorandum of law in support of motion to dismiss, pp. 8-9. Brown has not responded to any of these arguments and thus Count VI should be dismissed.

Brown's "abuse of process" claim (Count VII) against Officers Zakula and Sloup should be dismissed since Brown has not alleged the first element necessary for such a claim: the existence of an ulterior motive for instituting court proceedings. In fact, it is readily apparent from the FAC that process was instituted not because of the actions of the two officers but rather because the two complaining witnesses (victims) signed criminal complaints alleging that Brown had engaged in disorderly conduct (See the Criminal Complaint filed against Brown, which is attached to the First Amended Complaint as Exhibit 9). Even if Brown had properly alleged an

---

[1] Brown claims in his response that his FOIA requests amounted to an attempt to enter into or make a contract with Romeoville. Pl's Response, p., 11. However, Brown does not provide any support for his novel suggestion that a FOIA request can be equated to a contract.

abuse of process claim, "abuse of process" is not a constitutional claim recognized by the Seventh Circuit. See Defendants' memorandum of law in support of motion to dismiss, pp. 6-7. With Brown failing to respond to either argument, Count VI should be dismissed.

### IV. PLAINTIFF'S IIED CLAIM SHOULD BE DISMISSED

To support a claim for the intentional infliction of emotional distress ("IIED"), a plaintiff must allege (1) extreme and outrageous conduct, (2) the defendant must have intended or know that there is a high probability that his or her conduct would inflict severe emotional distress, and (3) the conduct must, in fact, have caused severe emotional distress. Lopacich v. Falk, 5 F.3d 210, 212 (7th Cir. 1993). The allegations in Count XI of the FAC, however, do not suggest extreme and outrageous conduct by the Defendants. In fact, conduct far more extreme and outrageous have been held by Illinois courts to nevertheless be insufficient to support an IIED claim. See Defendants' memorandum of law in support of motion to dismiss, pp. 9-10. Additionally, while Brown is seeking punitive damages in Count XI, punitive damages are not recoverable on an IIED claim. Frazier v. Harris, 266 F.Supp.2d 853 (C.D. Ill. 2003). With Brown again failing to respond to the legal points and caselaw provided by Defendants, Count XI should be dismissed.

### V. PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED

In Count XII, Brown has sued Romeoville and Officers Zakula and Sloup for unidentified but allegedly false statements contained in Zakula's police reports (Exhibit 10 attached to the FAC). However, under § 2-107 of the Tort Immunity Act, a local public entity is not liable for any injury caused by any action of its employees that is libelous or slanderous. Moreover, numerous courts in various jurisdictions have held that statements made in police reports are

"absolutely privileged" against defamation claims.  See Defendants' memorandum of law in support of motion to dismiss, pp. 11-13.  Brown has not addressed these legal points nor any of the cases cited by Defendants and thus Count XII should be dismissed.

## VI.     PLAINTIFF'S NEGLIGENCE CLAIM SHOULD BE DISMISSED

In Count XIII, Brown alleges that Romeoville (and Romeoville Police Chief Andrew Barto) negligently towed his vehicle after his arrest because of Romeoville's towing policy.  However, § 2-201 of the Tort Immunity Act provides a municipality with immunity for any act or omission in determining policy when acting in the exercise of discretion, even though a municipal official may have abused that discretion.  As Brown appears to be claiming that Romeoville and/or Chief Barto negligently implemented an improper policy and/or negligently enforced Romeoville's towing policy, § 2-201 immunizes Defendants.  Additionally, § 2-202 of the Act immunizes public employees for any negligent actions taken in executing or enforcing the law.

In his response, Brown argues that the Tort Immunity Act ("the Act") must be raised as an affirmative defense.  Pl's Response, p. 13, citing McCall v. Chicago Bd. of Educ., 228 Ill.App.3d 803, 593 N.E.2d 621 (1st Dist. 1992).  Brown, however, misunderstands how the Act is raised by a Defendant.  McCall simply means that a party may not raise Tort Immunity defenses at trial without first asserting the Act as an affirmative defense.  McCall does not stand for the proposition that a party may not raise Tort Immunity defenses in a motion to dismiss.  To the contrary, Illinois case law is clear that a party may raise Tort Immunity defenses in a motion to dismiss.  Arteman v. Clinton Community Unit School District, 198 Ill.2d 475, 479, 763 N.E.2d 756 (2002).  Since §§ 2-201 and 2-202 provide Defendants with immunity for their

alleged negligent conduct in this case, Count XIII should be dismissed.

### VII. CHIEF BARTO IS NOT A PROPER DEFENDANT IN PLAINTIFF'S *MONELL* CLAIM

Finally, Chief Barto is named as a Defendant in Plaintiff's Monell count (Count I) but a Monell claim can only lie against a municipality itself, not a municipal official sued in his individual capacity. See Defendants' memorandum of law in support of motion to dismiss, p. 14. In response, Brown notes that he has attached investigative stories from the Times Weekly Newspaper to the FAC regarding Romeoville's allegedly improper policies. However, Romeoville has already answered Count I of the FAC. The question here is not whether Brown has properly set out a Monell claim against Romeoville but rather whether such a claim can be asserted against a government official. As explained in Defendants' memorandum of law in support of its motion to dismiss, the answer to that question and thus Chief Barto should be dismissed as a defendant in Count I. Moreover, since the only other count in the FAC against Chief Barto, Count VIII, is also subject to dismissal, Chief Barto should be dismissed from this case in its entirety.

**CONCLUSION**

WHEREFORE Defendants respectfully request that this Court dismiss Counts IV-VII, IX, and XI-XIII of the First Amended Complaint. Defendants further ask that Defendants Andrew Barto and Karyn Showers be dismissed from this litigation in its entirety. If Count XI is not dismissed in its entirety, Brown's request for punitive damages in Count XI should be stricken.

s/JASON W. ROSE
  Jason W. Rose, Attorney Bar Number, 06208130
  Michael D. Bersani, Attorney Bar Number 06200897
  Attorneys for Defendants Village of Romeoville,
  Daniel Zakula, James Sloup, Karyn Showers and Chief Andrew Barto
  HERVAS, CONDON & BERSANI, P.C.
  333 Pierce Road, Suite 195
  Itasca, IL 60143-3156
  Phone:  630-773-4774
  Fax:  630-773-4851
  jrose@hcbattorneys.com
  mbersani@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 1577 |
| | ) | |
| VILLAGE OF ROMEOVILLE, et al., | ) | Judge James F. Holderman |
| | ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2008, I electronically filed the foregoing ***Defendants' Reply Brief in Support of Their Motion to Dismiss Counts IV-VII, IX and XI-XIII of Plaintiff's First Amended Complaint*** with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Postal Service, certified mail, return receipt requested, the document to the following non CM/ECF system participant:

    Willie Brown, *Pro Se*
    601 Theodore Avenue
    Joliet, IL 60435

    s/JASON W. ROSE
    Jason W. Rose, Attorney Bar Number, 06208130
    Michael D. Bersani, Attorney Bar Number 06200897
    Attorneys for Defendants Village of Romeoville,
    Daniel Zakula, James Sloup, Karyn Showers and Chief
    Andrew Barto
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156
    Phone: 630-773-4774
    Fax: 630-773-4851
    jrose@hcbattorneys.com
    mbersani@hcbattorneys.com