MHN

FILED
SEP - 4 2008
9-4-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE BROWN, | ) | |
| | ) | |
| Plaintiff in *Pro se*, | ) | CIVIL ACTION NO. |
| | ) | **08 C 1577** |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| VILLAGE OF ROMEOVILLE, ET. AL., | ) | Judge James F. Holderman |
| | ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

## INITIAL STATUS REPORT

***NOW COMES*** WILLIE BROWN the Plaintiff, *pro se*, to this action and present the following Status Report to the best of his *pro se* ability.

A.  This matter is set for a status hearing before this court on September 8, 2008 at 10:00 a.m.

B.  The Attorneys of Record are:

> Michael D. Bersani and Jason W. Rose of Hervas, Condon & Bersani P.C., on behalf of the defendants. At this time it is expected that both attorneys will try this case.

> Willie Brown, *Pro se*. At this time it is expected that he will try this case.

C.  Pursuant to 28 U.S.C. 1331, 1341(3), 1341(4), 1343, jurisdiction is based on a federal question, more specifically, alleged violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983, 1985(3) and 1981(a).

D.  Trial by jury has been requested by all parties.

E.  The claims asserted by the plaintiff in this case are based on the following factual basis. The plaintiff was arrested by Village of Romeoville Police Officers for the ordinance violation offense of Disorderly Conduct and in

the early evening of October 30, 2007. As a result of the arrest, the plaintiff was placed in handcuffs and his vehicle was searched, impounded and towed and he was transported to the Village of Romeoville Police Station for further processing of the arrest. The plaintiff, an African American citizen, is also claiming that the defendant police officers unwarrantly searched, impounded and towed his vehicle and charged him $400.00 Administrative Tow Fee to secure the release of his vehicle, and that he was charged excessive bail to secure his release from custody, and is also claiming that he was discriminated against exercising his right to enter into and/or make a contract with the Village of Romeoville to purchase available public information sought through the Illinois Freedom of Information Act. The plaintiff is claiming damages stemming from constitutional violations received as a result of these incident, including aggravation of a pre-existing physical injury, and other ecomonic and emotional damages.

On January 14, 2008, the Disorderly Conduct charge was voluntarily dismissed at the request of the Village of Romeoville's attorney. Within two weeks of the voluntary dismissal, the plaintiff received a $100.00 check from the Village of Romeoville as reimbursement for the bail bond paid on October 30, 2007, and as of the filing of this action, the plaintiff has not received the $400.00 Administrative Tow Fee paid to secure the release of his vehicle. There was no motion to quash arrest heard by the court on the Disorderly Conduct charge.

There are no counterclaims filed in this matter.

The affirmative defenses raised are based on theories of qualified immunity and the Illinois Tort Immunity Act.

F. The plaintiff has asked for Two Million Ninety-Five Thousand Dollars in his complaint as a result of the alleged constitutional violations, aggravation to his pre-existing physical injury, emotional injuries and damage to his public reputation and character before the State of Illinois Circuit Court of the Twelfth Judicial Circuit.

G. All the named parties have been served.

H. The key legal issues are centered on the elements and defense to the 1983, 1985(3) and 1981(a) actions in the complaint.

In Count V the key legal issue will focus on the question of intra-corporate conspiracy doctrine. Citations to key legal authorities include: *Amundsen v. Chicago Park District*, 218 F.3d 712 (7th Cir. 2000); *Malsh v. Austin*, 901 F.Supp. 757 (S.D.N.Y. 1995); *George v. Smith*, 507 F.605 (7th Cir. 2007); *Payton v. Rush Presbyterian-St Luke's Med. Ctr.*, 184 F.3d 623 (7th Cir. 1999), and *Kaupas v. Village of University Park*, 2003 WL 22048173 (N.D.Ill.).

2.

In Counts XII & XIII the key legal issues will focus on Tort Immunity Act. Citations to key legal authorities include: *Ramos v. City of Peru*, 333 Ill.App.3d 75, 775 N.E.2d 184 (3rd Dist. 2002); *Bullock v. San Rafael*, 1994 WL 621975 (N.D. Cal 1994); *Carradine v. State*, 511 N.W.2d 733 (Minn. 1994); *Delaney v. Ashcraft*, 207 WL 1322146 (W.D. Ark); *Geick v. Kay*, 236 Ill.App.3d 868, 875, 603 N.E.2d 121 (2nd Dist 1992); *People v. McDonnell*, 104 Ill.App.3d 929, 434 N.E.2d 71 (2nd Dist. 1982), and *Maguire v. Municipality of Old Orchard Beach*, 783 F.Supp. 1475 (D.Me. 1992).

The defendants' improperly cited the above authorities to support their partial frcp rule 12(b)(6) motion to dismiss.

Count I is a *Monell* based claim against the Village of Romeoville and the key legal and factual issues will be scrutinized under the case's requirements.

Counts VII - XIII, are state causes of actions based on the torts of false arrest malicious prosecution, intentional infliction of emotional distress, defamation of character, and negligence. These claims are being addressed by this court through the exercise of supplemental jurisdiction. The key legal issues will focus on the elements of each count and the immunity provided to local government actors by the Illinois Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-200 et al.

I. The principal factual issues are centered on the events of the early evening hours of October 30, 2007, and the subsequent commencement of and voluntary dismissal of the ordinance violation prosecution, and the impounding and towing of plaintiff's vehicle.
The factual issues include the acts of the defendants during the course of the initial stop and subsequent processing of the arrest. Also the acts of defendant Showers in depriving plaintiff of the right to enter into and/or make a contract with the Village of Romeoville to purchase available public information sought through the Illinois Freedom of Information Act.

The plaintiff contends that the acts of the two (2) individual defendant police officers were racially based and part of a scheme on the part of the alleged victims of the October 30, 2007 incident and violative of his Constitutionally protected rights granted by the Fourth, Eighth and Fourteenth Amendments. Furthermore these acts were committed without probable cause for the actions taken by the respective police officers and were committed in excess of the course and scope of their duties, as evidenced by the failure on the part of the alleged victims and the police officers to appear before the court during the January 14, 2008 scheduled trial and the voluntary dismissal of the Disorderly Conduct charge.

The defendants filed a partial frcp rule 12(b)(6) motion to dismiss certain Counts of the verified first amended complaint in conjunction with filing a frcp rule 8(b) answer. The plaintiff filed a response to the defendants' motion

to dismiss, and District Judge James F. Holderman allowed the defendants fourteen (14) or until the 5th day of September, 2008 to submit their reply in further support of their partial motion to dismiss.

The two (2) individual defendant police officers contend that all actions taken were just and reasonable based on the information supplied to them from the alleged victims of the incident occurring on October 30, 2007. Moreover, the Village of Romeoville assert the allegations of conspiracy between the officers to arrest and commence prosecution proceedings against plaintiff and the impounding and towing of plaintiff's vehicle are simply untrue.

J. At this time, it is anticipated that the defendants will file a motion for summary judgment on behalf of the defendants. The plaintiff asserts that there will be no good faith basis for such motion based upon the deposition testimony of the primary victim of the incident occurring on October 30, 2007. The motion will probably be based on the above referenced theories of immunity.

K. Pursuant to F.R.Civ.P. 26(f) the plaintiff propose that discovery pursuant to the general terms of Rule 26 apply. Currently there has been formal discovery exchanged between the parties.

Plaintiff has submitted Request for Production of Documents and Interrogatories to defendant Village of Romeoville and to the individual defendants. The defendants has submitted and received answers to their Request for Production of Documents and Interrogatories, and the defendants have conducted a deposition on plaintiff and on the alleged victims. The two (2) individual defendant police officers are due to tender their answers to their interrogatories by the 5th day of September, 2008, and defendant showers is due to tender her answers to her interrogatories by the 8th day of September, 2008. Defendant Village of Romeoville is due to tender its answers to the second set of interrogatories and second request for production of documents by September 30, 2008.

L. At this time it is difficult to estimate the earliest date for trial, however based on the discovery being almost completed it may be possible to set this matter for trial in late December, 2008 or early January 2009. Based upon information currently available, it is realistic that a trial of all the issues contained in the complaint, will take approximately one week.

M. Recently, a detailed settlement demand has been submitted and received by the defendant and is probably being considered.

N. District Judge James F. Holderman, in a order dated August 19, 2008, referred the parties to Magistrate Judge Ashman to resolve discovery disputes and for settlement conference.

*Respectfully submitted*

By /s/ Willie Brown
WILLIE BROWN
Plaintiff in *Pro se*

Willie Brown
601 Theodore Street
Joliet, Illinois 60435
(815) 740-1467

## CERTIFICATION OF SERVICE

The undersigned certifies under penalty of perjury under the Laws of the United States of America that a copy of the foregoing Initial Status Report was served upon the defendants' attorneys at their office of record by fax transmission to the fax number cited below and by placng the same in a sealed envelope with postage fully prepaid thereon and placing the same in a U.S. Post Office Box in the City of Joliet/Will County on the 4th day of September, 2008, before the hour of 4:00 p.m.

/s/ Willie Brown
Willie Brown

**HERVAS, CONDON & BERSANI, P.C.**
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Fax: 630-773-4851

5.